## RIZZO v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. August 30, 1921.)

No. 2644.

1. **Prostitution ⬳1—Offense under White Slave Traffic Act is complete when transportation is accomplished.**

Under White Slave Traffic Act, § 2 (Comp. St. § 8813), the offense of transporting a woman in interstate commerce for the purpose of prostitution is complete when the transportation has been accomplished without regard to whether later the purpose is accomplished.

2. **Criminal law ⬳59(5)—Aider and abettor must have knowledge of offense.**

One cannot be convicted under Penal Code, § 332 (Comp. St. § 10506), of aiding and abetting an offense of which he had no knowledge until after it was complete.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Criminal prosecution by the United States against Charles Rizzo. Judgment of conviction, and defendant brings error. Reversed.

John Memolo, of Scranton, Pa., for plaintiff in error.

Rogers L. Burnett, U. S. Atty., and John M. McCourt, Asst. U. S. Atty., both of Scranton, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. By the first count of the indictment, Nigro, Carroll and Polino were charged with a violation of the White Slave Traffic Act (36 Stat. 825, Comp. Stat. §§ 8812–8819) in transporting three women from New York to Pennsylvania for the purpose of prostitution. By the second count, Rizzo was charged (under section 332 of the Penal Code, 35 Stat. 1152 [Comp. St. § 10506]), with the offense of knowingly aiding and abetting the principals in the trans-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.action. Upon evidence establishing both the fact and purpose of transporting the women, the three first named defendants were convicted. They submitted to sentence. Rizzo was convicted upon evidence that after the arrival of the women in Pennsylvania he received them in his house where later they engaged in prostitution, and upon an instruction by the Court that, if he thereby enabled the other defendants to accomplish the unlawful purpose for which they had transported the women, he became a participant in the crime by aiding and abetting its perpetration and was equally guilty, although, as it was conceded by the Government, there was no evidence that he had participated in or had any knowledge of the transportation of the women from New York to Pennsylvania. Thereupon Rizzo sued out this writ, raising the question whether one can unlawfully aid and abet the commission of an offense defined by the White Slave Traffic Act when he had no knowledge of the offense.

The answer to this question turns on several considerations, the only ones we need consider being the elements of the offense and when the offense is complete.

Obviously, the elements are two: (a) The interstate transportation of women (b) for the purpose of prostitution. It would be a narrow construction of the Act to hold, in order to bring the plaintiff in error within its terms, that the offense is not complete when these elements are present but is complete only when the purpose for which women were transported has been accomplished.

[1] As the Act denounces trafficking in women for immoral purposes and forbids the employment of interstate transportation as a facility of the wrong, we are of opinion that the offense is complete when the interstate transportation takes place for the defined purpose, without regard to whether later the purpose is accomplished. Subsequent prostitution is but evidence of the purpose. Wilson v. United States, 232 U. S. 570, 571, 34 Sup. Ct. 347, 58 L. Ed. 728; Hoke v. United States, 227 U. S. 308, 33 Sup. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906, Ann. Cas. 1913E, 905; Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Hoss v. United States, 232 Fed. 328, 146 C. C. A. 376; United States v. Holts, 236 U. S. 140, 35 Sup. Ct. 271, 59 L. Ed. 504, L. R. A. 1915D, 281.

[2] Section 332 of the Penal Code (Comp. St. § 10506) deals with accessories at or before the fact; section 333 (Comp. St. § 10507) with accessories after the fact. Rizzo was indicted under section 332. As the offense was complete before Rizzo knew of it and before he did the act charged to have been in aid of it, it follows that he could not be legally convicted of knowingly aiding and abetting its perpetration. As we are dealing with a question of law, not with a matter of morals, we are constrained to reverse the judgment below.