### UNITED STATES v. LYNN et al.

(District Court, W. D. Pennsylvania. November 8, 1922.)

No. 7059.

1. **Criminal law ⬥242(1)—Circumstances authorizing removal of accused to another district for trial stated.**

An application for a removal of an accused under Rev. St. § 1014 (Comp. St. § 1674), authorizing the removal for trial of an accused indicted in one district and found in another, should be granted, unless it appears that the offense charged was not committed or was not triable in the district to which the removal is sought, or that defendant was not the party charged, or that the indictment was invalid, or that the testimony wholly failed to establish probable cause.

2. **Criminal law ⬥242(5)—For purpose of removing accused, indictment constitutes prima facie evidence of probable cause.**

For the purpose of removing accused to another district for trial, the indictment constitutes prima facie evidence of probable cause.

3. **Criminal law ⬥242(7)—To remove accused to another district, evidence must show probable cause.**

To remove accused to another district for trial, the existence of probable cause must be determined by the court to which the application is made, after considering all the evidence.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Criminal law** ☞242(6)—**On application for removal of accused, doubts re-solved in favor of indictment.**

> On application for removal of accused to another district for trial, if the validity of the indictment is open to reasonable doubt, that doubt is to be resolved by the court which found the indictment.

5. **Criminal law** ☞242(7)—**Evidence held to require removal of accused for trial to district of finding of indictment.**

> On application for removal of accused to the district in which an indictment under National Prohibition Act, tit. 2, charging a conspiracy to sell liquor, was found, evidence *held* not to overcome the presumption of probable cause created by the indictment and the finding of the United States commissioner who heard the evidence.

Harry S. Lynn, Martin Burke, and others were indicted for violations of the National Prohibition Act. On application for removal of defendant Martin Burke for trial in the Northern District of Ohio, Eastern Division. Order issued, granting the requested removal.

Berkeley W. Henderson, Asst. U. S. Atty., of Cleveland, and George W. Moore, Sp. Asst. U. S. Atty., of Pittsburgh, Pa.

George E. Weil and George W. Allen, both of Pittsburgh, Pa., for defendants.

THOMSON, District Judge. In the District Court of the United States for the Northern District of Ohio, Eastern Division, an indictment was found against Harry S. Lynn, George Martino, Claude R. Madlene, and Martin Burke, the indictment containing six counts, charging violations in various forms of the National Prohibition Act (41 Stat. 305). The sixth count charged the defendants with conspiracy—that is, that they unlawfully conspired, combined, confederated, and agreed to commit an offense against the United States, namely, to wit, to willfully, knowingly, and unlawfully violate an Act of Congress approved October 28, 1919, and known as the National Prohibition Act, and particularly title 2 of said act, in that they would incorporate a corporation under the laws of the state of Ohio to be known as the "Lynn Company," which said corporation would carry on a wholesale drug business; that in the name of said corporation they would obtain a permit from the Prohibition Commissioner at Washington, D. C., permitting said corporation to purchase for sale and sell intoxicating liquors for nonbeverage purposes; that under said permit they would withdraw, for the purpose of an alleged sale to D. O. Morgan, of Washington, Pa., 2,000 cases of Rossville bottled in bond whisky on a certain unlawfully acquired permit to purchase, form No. 1410–A, bearing serial No. 118265, and made out in the name of said D. O. Morgan, of Washington, Pa.; that they would cause said 2,000 cases of whisky aforesaid to be transported from the Rossville Distilling Company, at Lawrenceburg, Ind., to the Lynn Company, at Akron, Ohio, and would there unlawfully, willfully, and knowingly sell said whisky to various persons, whose names are to the grand jury unknown, in violation of certain sections of the National Prohibition Act therein set forth.

The indictment then contains certain overt acts which are alleged to have been done by one or more of the defendants in execution of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the unlawful combination. The second overt act alleged is that the defendant Martin Burke on or about the 9th of October, 1920, entered into a contract with William Lucking, a whisky broker at Cincinnati, Ohio, for the purchase through said William Lucking of 5,000 cases of Rossville bottled in bond whisky, then and there intending that said whisky so purchased by said Burke should be sold to the Lynn Company aforesaid, upon presentation of ostensibly valid permits to the distillery, and intending that the whisky so sold to the Lynn Company should be sold for beverage purposes, contrary to the statute of the United States. This is only one of the overt acts charged in the indictment.

[1] This proceeding is under section 1014 of the Revised Statutes of the United States (Comp. St. § 1674) which provides in substance, where a person is indicted for a criminal offense in one state and is found in another, an application for his removal to the place where he is indicted may be made. He may be in that jurisdiction arrested and brought before a commissioner of the United States for hearing, and upon the recommendation of the commissioner he may be committed in default of bail or bound over to the court which has jurisdiction to try the offense. In this case, proceedings were had at length before the United States commissioner, who made his finding of the identity of the defendant, and the existence of probable cause. In this situation, the United States Attorney for this District has made application to this court for removal of the said Burke, for trial in the Northern district of Ohio, Eastern division.

[2-4] The law of the case is clear, as it has been adjudicated in many cases, and I might say, as a summary of the law applicable to a removal proceeding, that the function of the judge is judicial, and not merely ministerial; that the indictment constitutes prima facie evidence of probable cause; that the indictment, while raising this presumption, is not conclusive, and this may be rebutted, and upon all the evidence the existence of probable cause must be determined by the court to which application for removal is made; that when the indictment charges no offense against the United States, or the evidence fails to show such offense, or if it appears that the offense charged was not committed or not triable in the district to which the removal is sought, the court would not be justified in ordering removal; but, if the validity of the indictment is open to reasonable doubt, that doubt is to be resolved by the court which found the indictment. I think these principles, thus succinctly stated, are clearly elaborated by the Supreme Court in various decisions.

[5] Now, here we have an indictment offered in evidence, charging, among other offenses, the conspiracy which I have referred to, setting forth certain overt acts, among which is the overt act which I previously read. It is very true, as suggested by counsel for defendant, that an overt act cannot enlarge the scope of the indictment; but an overt act, while in itself it might appear even to be harmless, and not an offense in itself, is still competent as connecting the defendant with the unlawful scheme, provided the unlawful scheme is established to the satisfaction of the jury. Or the overt act may be so directly

connected with the offense that it could even establish, almost of itself, the execution of the unlawful scheme, and is therefore doubly competent, because it bears upon the existence of the unlawful scheme itself. A conspiracy to unlawfully sell liquor, where the liquor was in a bonded warehouse, would naturally have to be the result of succeeding steps, perhaps the transfer of the certificates, followed by the obtaining of the whisky itself, either by lawful or unlawful permits, followed by the illegal sales of the liquor thus obtained. Each party who took part in the combination to effect the unlawful purpose, is as guilty as if he had consummated it in its entirety; so that the question ultimately is whether or not the unlawful combination did in fact exist between the parties, and whether the defendant did any act that would indicate his connection or establish his connection as a party to the unlawful combination. It never was the intention of the law that the court to which application is made for removal should sit in judgment and try the case, weighing the evidence and passing upon the credibility of witnesses and ultimately determine the guilt or innocence of the defendant. That is for the trial court in which jurisdiction the indictment was found, and I could only refuse the application where it appeared that the case was not triable in the district to which it was sought to be removed, or that the court was without jurisdiction, or that the defendant was not the party charged, or that the indictment itself was not valid, or that the testimony had wholly failed to establish probable cause.

Under the circumstances of this case, we have the finding of the United States commissioner who heard the evidence, finding probable cause, and by stipulation of counsel made in open court that testimony is to be considered as the testimony offered in this court upon the application for removal. The presumption of probable cause raised by the existence of the indictment, in my judgment, has not been overcome, in view of all the facts and circumstances of the case, and remembering that a conspiracy is not proved by the proof of a single act, but often by a long chain of facts connecting in various ways the parties charged, from which the jury may ultimately reach the conclusion that the defendant was or was not a party to the unlawful combination. This is not the province of this court, but of the trial court in which the indictment was found. It also appears in the case that those indicted with the defendant and alleged to be parties to the conspiracy have already pleaded guilty in the court where the indictment was found. I therefore find, in harmony with the finding of the United States commissioner, the existence of probable cause and the other elements that are necessary to constitute the grounds of removal, and an order will be made for the removal of the defendant to the Northern District of Ohio, Eastern Division, for trial under this indictment.