## GERBINO v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.   October 22, 1923.)

No. 3003.

1. **Prostitution ⬥1—Conviction under White Slave Traffic Act unauthorized.**

Proof that defendant caused a girl to go from one state into another for the purpose of contracting a bigamous marriage, without more, *held* not to sustain a conviction under White Slave Traffic Act, § 2 (Comp. St. § 8813).

2. **Prostitution ⬥1—Cohabitation under bigamous marriage held not to sustain conviction under White Slave Traffic Act.**

Proof that defendant induced a girl to cohabit with him in a bigamous marriage, but not connected with any act of interstate transportation, *held* not to sustain a conviction under White Slave Traffic Act, § 2 (Comp. St. § 8813).

In Error to the District Court of the United States for the District of New Jersey; William N. Runyon, Judge.

Criminal prosecution by the United States against Charles Gerbino. Judgment of conviction, and defendant brings error. Reversed.

Miele & Castellano, of New York City (Francis A. Castellano, Jr., of New York City, of counsel), for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Gerbino was tried and convicted under an indictment charging him by two counts with violations of the White Slave Traffic Act of June 25, 1910, 36 Stat. 825 (Comp. Stat. §§ 8812, 8813).

By the first count the grand jurors presented that Gerbino "did cause" a certain girl to be transported in interstate commerce from New Jersey to Pennsylvania, with intent and purpose on his part "to induce, entice, and coerce her to engage, at Philadelphia," in practices denounced by the statute, and by the second count he "did cause" her to be transported in interstate commerce from New Jersey to New York, with like intent. In neither count was the defendant charged with "persuading, inducing, enticing, or coercing [the girl] to go from one place to another in interstate commerce for immoral purposes."

[1, 2] The evidence introduced by the government to sustain the averments of the first count clearly proved that Gerbino, being already married, caused the girl to go from New York to Pennsylvania for the purpose of contracting a bigamous marriage, not for an immoral purpose, in the sense of the statute. They went to Philadelphia, engaged in a ceremony of marriage, and, without more, returned—she to her home in New Jersey and he to his home in New York—as they had intended to do. The evidence introduced to support the averments of the second count proved that this defendant persuaded the girl, while in New York, to remain and live with him in an immoral way; but it did not prove that, in doing so, he caused her to be transported in interstate commerce. Thus, under the proofs on the first count, the action denounced by the statute—that of causing a girl to be transported in interstate commerce—was present, but the purpose contemplated by the statute was lacking; while under the proofs on the second count the immoral purpose named by the statute was present in his relations with the girl in New York, but the action which alone brings the offense within the statute was absent. Rizzi v. United States (C. C. A.) 275 Fed. 51.

We are constrained to hold, therefore, that the conviction was unlawful, and the judgment on which sentence was imposed must be reversed, and a new trial awarded.