## BURGESS v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 6, 1923.
Decided January 7, 1924.)

No. 3955.

1. **Prostitution ⬤⟜1—Interstate transportation after illegal ceremony held violation of White Slave Traffic Act.**

 Where defendant was married to two women, from whom he had not been divorced, when he took the prosecutrix to Virginia, where they were married, and he returned with her to the District of Columbia, where they cohabited as husband and wife, *held*, that the case was within White Slave Traffic Act, § 2 (Comp. St. § 8813).

2. **Prostitution ⬤⟜5—Requested prayer held properly refused, as leaving out element of intended debauchery.**

 - A requested prayer that, unless the jury could find a deliberate intent on defendant's part to transport prosecutrix across the state line for the purpose of prostitution, they should find for defendant, *held* properly refused, since it left out the element of transportation for the purpose of debauchery.

3. **Prostitution ⬤⟜5—Instruction held sufficiently broad to include all elements of White Slave Traffic Act.**

 An instruction that if defendant, knowing he had a living wife from whom he had not been divorced, went through a marriage ceremony with complaining witness, and transported her from Virginia to the District of Columbia for the purpose of having sexual relations with her, the jury might find defendant guilty, *held* sufficiently broad to include all the elements of the White Slave Traffic Act (Comp. St. §§ 8812–8819).

4. **Prostitution ⬤⟜1—Purpose of White Slave Traffic Act stated.**

 Transportation for prostitution, debauchery, or immoral purposes all relate to the single purpose of the White Slave Traffic Act (Comp. St. §§ 8812–8819), which is the suppression of traffic of women and girls with a view of having them engage in acts which tend ultimately to lead to that form of debauchery or immoral conduct which consists in sexual actions.

5. **Criminal law ⬤⟜1144(14)—Question of guilty intent held fairly submitted to jury.**

 Where the full charge of the court does not appear in the record, and the charge as epitomized was, "The court charged the jury as to the presumption of defendant's innocence, and the necessity of the government's proving the charge, including knowledge and intent, beyond a reasonable doubt," *held*, that it must be assumed that the questions of guilty knowledge and intent were fully and fairly submitted to the jury.

 Arthur B. Burgess was convicted of violating the White Slave Traffic Act, and he appeals. Affirmed.

 Raymond Neudecker, of Washington, D. C., for appellant.
 Peyton Gordon, of Washington, D. C., for the United States.

 Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

 VAN ORSDEL, Associate Justice. Appellant, defendant below, was indicted in the Supreme Court of the District of Columbia under

⬤⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Act of June 25, 1910, 36 Stat. 825, commonly known as the "White Slave Traffic Act" (Comp. St. §§ 8812–8819). From the judgment of conviction, this appeal was prosecuted.

It appears that defendant took one Catherine Fitzgerald from the District of Columbia to Alexandria, Va., where they were married. They returned to the District of Columbia, defendant paying the car fare for both parties going to and from Alexandria. On their return to Washington they separated, but thereafter met and cohabited as husband and wife. It developed that defendant, at the time of the marriage in Virginia, had two wives living, from neither of whom he had been divorced.

The indictment was laid under section 2 of the White Slave Traffic Act, which, among other things, provides:

"That any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce, or in any territory or in the District of Columbia, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice, * * * shall be deemed guilty of a felony."

This act has been interpreted to extend, not only to transportation in commerce for the purpose of prostitution or debauchery, but to any case where a woman or girl is transported for the purpose of having her engage in any immoral practice. United States v. Bitty, 208 U. S. 393, 403, 28 Sup. Ct. 396, 52 L. Ed. 543. In this view of the case, in the event that defendant was, as charged, married to two women, from whom he had not been divorced, the case comes clearly within the act.

A number of objections were interposed to the admission or rejection of testimony. We have examined the exceptions relating thereto carefully, and find that no error in this particular was committed. The evidence was ample to justify the jury in returning a verdict of guilty.

[2] A further exception is reserved to the refusal of the court to charge the jury:

"That unless they could find a deliberate intent on the part of the defendant to transport the said Catherine Fitzgerald Burgess across the state line, dividing Virginia and the District of Columbia, for the purpose of prostitution, they should find for the defendant."

This prayer was properly denied, since it left out the element of transportation for the purpose of debauchery, as laid in the indictment.

[3] The court charged the jury, without objection or exception by defendant:

"That if they found that the defendant, knowing that he had a living wife from whom he had not been divorced, went through a marriage ceremony with complaining witness, and transported her from the state of Virginia to the District of Columbia for the purpose of having sexual relations with her, then they might find the defendant guilty of the charge set out in the indictment."

The indictment charged the transportation for the purpose of prostitution and debauchery, not including the element "for any other immoral purpose."

[4] We think the charge of the court was sufficiently broad to include all the elements of the statute. Transportation for prostitution, debauchery, or immoral purposes, all relate to the single purpose of the act, which is the suppression of traffic of women and girls with a view of having them engage in acts which tend ultimately to lead to that form of debauchery or immoral conduct which consists in "sexual actions." Athanasaw et al. v. United States, 227 U. S. 326, 332, 33 Sup. Ct. 285, 57 L. Ed. 528, Ann. Cas. 1913E, 911.

[5] The full charge of the court does not appear in the record. The charge is epitomized as follows:

"The court charged the jury as to the presumption of defendant's innocence, and the necessity of the government's proving the charge, including knowledge and intent, beyond a reasonable doubt."

From this it must be assumed that the question of guilty knowledge and intent, undoubtedly elements essential to the establishment of guilt, were fully and fairly submitted to the jury.

The judgment is affirmed.