## UNITED STATES ex rel. SIRCHIE v. SMITH, U. S. Marshal.

### No. M–1051.

District Court, E. D. Pennsylvania.

Nov. 18, 1943.

Gerald A. Gleeson, U. S. Atty., by Joseph E. Gold, Asst. U. S. Atty., both of Philadelphia, Pa., for the Government.

Claude Olwen Lanciano, of Philadelphia, Pa., for petitioner.

KALODNER, District Judge.

This matter comes before me on a petition for a writ of habeas corpus. Petitioner was placed under arrest by agents of the Federal Bureau of Investigation upon a warrant issued by the United States Commissioner in this District, based upon a complaint made in the District of Columbia charging him with violation of the White-Slave Traffic Act of June 25, 1910, 36 Stat. 825, Sec. 398, Title 18 U.S.C.A. The procedure was instituted in order that a warrant of removal be issued by this Court authorizing the removal of the petitioner to the District for trial.

Following a hearing had before the Commissioner he ordered the petitioner held for removal to the District of Columbia fixing bail at $1,000. The petition for the writ of habeas corpus followed. The complaint made in the District of Columbia charges that the petitioner "* * * in violation of Section 398, Title 18 U. S. Code of the

Statutes of the United States, did unlawfully transport in interstate commerce, that is to say, from Philadelphia, Pennsylvania, to Washington, D. C. a certain female, to wit, Margaret Rosalynn Snell, for purposes of debauchery and other immoral purposes; * * *."

The testimony of the Government discloses that for some time prior to March 13, 1942, the petitioner and the girl resided in separate quarters at the Y. M. C. A. in Philadelphia and that on March 14, 1942, the petitioner drove her in his automobile to Washington, D. C., for the purpose of getting married, that they were married in Washington, D. C., and motored back to Philadelphia, registered in the married quarters of the Y. M. C. A., and cohabited as husband and wife on the same night. (This is denied by the petitioner, but for the purposes of this opinion the testimony of the Government is taken as verity.) The petitioner at the time of the aforesaid marriage was already a married man with a wife living.

■ It is well settled that an application for removal under R. S. § 1014, as amended, 18 U.S.C.A. § 591, should be granted unless it appears that the offense charged was not committed or was not triable in the District to which the removal is sought or that the defendant was not the party charged or that the indictment was invalid or that the testimony wholly failed to establish probable cause. United States v. Lynn, D.C.Pa.1912, 284 F. 904; United States ex rel. Mayer v. Glass, 3 Cir., 1928, 25 F.2d 941, certiorari denied, 1928, 278 U. S. 605, 49 S.Ct. 11, 73 L.Ed. 532.

■ In my opinion Gerbino v. United States, 3 Cir., 293 F. 754, 755, is dispositive of the issues involved in this case. In that case the defendant, a married man, transported a girl from another state into Pennsylvania for the purpose of contracting a bigamous marriage. The "marriage" was not followed by any act of marital relationship in Pennsylvania, the girl returning to her home in New Jersey and the defendant to his home in New York. Subsequently the girl visited the defendant in New York and there had relationship with him. The United States Circuit Court of Appeals of this Circuit set aside the defendant's conviction stating as follows:

"* * * The evidence introduced by the government to sustain the averments of the first count clearly proved that Gerbino, being already married, caused the girl to go from New York to Pennsylvania for the purpose of contracting a bigamous marriage, not for an immoral purpose, in the sense of the statute. They went to Philadelphia, engaged in a ceremony of marriage, and, without more, returned—she to her home in New Jersey and he to his home in New York—as they had intended to do. The evidence introduced to support the averments of the second count proved that this defendant persuaded the girl, while in New York, to remain and live with him in an immoral way; but it did not prove that, in doing so, he caused her to be transported in interstate commerce. Thus, under the proofs on the first count, the action denounced by the statute—that of causing a girl to be transported in interstate commerce—was present, but the purpose contemplated by the statute was lacking; while under the proofs on the second count the immoral purpose named by the statute was present in his relations with the girl in New York, but the action which alone brings the offense within the statute was absent. Rizzo v. United States, 3 Cir., 275 F. 51.

"We are constrained to hold, therefore, that the conviction was unlawful, and the judgment on which sentence was imposed must be reversed, and a new trial awarded."

Counsel for the Government seeks to distinguish the case at bar from the above-cited case by the fact that the parties motored back to Philadelphia the same night that the marriage ceremony was performed in Washington and cohabited in Philadelphia. It is, however, unnecessary to consider this distinction because the warrant upon which removal is sought charges the petitioner merely with transporting the girl from Philadelphia to Washington, D. C., and under the authority of the Gerbino case no crime was committed by this transportation. The petitioner is not charged with any crime in the transportation of the female from Washington, D. C., to any other point. In my opinion the transportation from Washington to Philadelphia, followed as it was by the sexual relationship, constituted a violation of the White Slave Traffic Act, but that is not the issue in this case.

The Government has cited Burgess v. United States, 54 App.D.C. 71, 294 F. 1002, where the Court of Appeals for the District of Columbia took a different view and held that the transportation by a married de-

fendant for the purpose of contracting a bigamous marriage constituted a violation of the Act. However, I feel that I am bound by the Gerbino case: Minerals Separation, Limited, v. Butte & Superior Copper Co., D.C.Mont.1916, 237 F. 401; Warren Bros. v. Evans, D.C.Pa.1916, 234 F. 657; In re Baird, D.C.Pa.1907, 154 F. 215.

The application for removal is therefore denied and the petitioner is discharged.