**James Russell LANGLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 5131, 5132.**

District of Columbia Court of Appeals.

Argued March 23, 1970.

Decided April 27, 1970.

---

3. A point about which we are in doubt.

John W. Vardaman, Jr., Washington, D. C., appointed by this court, with whom Dennis E. Codlin, Washington, D. C., was on the brief, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Richard N. Stuckey, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, KERN, Associate Judge, and QUINN, Associate Judge, Retired.

QUINN, Associate Judge, Retired:

Appellant appeals from two convictions for attempted procuring. D.C.Code 1967, §§ 22–103 and 22–2707.[1] Two grounds for reversal are asserted: (1) That there was insufficient evidence to support a conviction in either of the two cases; and (2) that the procuring statute is unconstitutionally vague.

The first trial was by jury. The facts were as follows: In the early morning hours of May 28, 1969, a member of the Metropolitan Police Morals Division was walking north in the 800 block of 14th Street, N.W. Appellant approached the officer and asked if he wanted a girl, and the officer replied yes. As they proceeded up the street, appellant offered to take the officer to a private club where he could pick any type of woman for anything he wanted to do. A price was quoted of between $25 to $50, depending on the woman's looks. The officer asked why this offer was being made, and the appellant replied that he received a cut or commission for every tourist he took to the club. When the officer expressed a concern for

---

1. Section 22–2707 provides:

Any person who, within the District of Columbia, shall receive any money or other valuable thing for or on account of arranging for or causing any female to have sexual intercourse with any other person or to engage in prostitution, debauchery, or any other immoral act, shall be guilty of a felony and, upon conviction, shall be punished by imprisonment for not more than five years and a fine of not more than $1,000.

Section 22–103 provides:

Whoever shall attempt to commit any crime, which attempt is not otherwise made punishable by this title, shall be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both.

his own safety, the appellant stated that "the madam was very reputable" and that he "had to keep a clean name for himself." Another officer, who was "covering" for the arresting officer, testified that he observed the conversation taking place from a distance.

The second trial was by the court sitting without a jury. The facts were very much the same as in the first case. On the evening of May 13, 1969, appellant approached another member of the Morals Division in the 800 block of 14th Street, N.W. Appellant asked the officer if he wanted to meet some girls. Appellant elaborated stating "he had [several girls of various nationality and race] that were working for him and he could take [the officer] there for a price." The price was then quoted as $100 for the night or $15 for a half hour. Appellant further stated that he received a commission directly from the women. The "house" was described as being "a short taxi ride away." At this juncture, appellant was placed under arrest. A "cover" officer testified that he observed the conversation taking place.

■ As to appellant's first contention, that there was insufficient evidence to support a finding of guilt in either trial, we disagree. We find, on a review of the entire record, that the holdings in Walker v. United States, D.C.App., 248 A.2d 187 (1968) and Sellers v. United States, D.C.Mun. App., 131 A.2d 300 (1957), are dispositive of this claim.

■ Appellant in this appeal asserts for the first time the unconstitutionality of the statute. The Government urges that the claim comes too late. We think it within our discretion to decide the question, especially in view of recent developments which may have cast some doubt on the statute's validity. In December of 1968, the U.S. Court of Appeals, D.C.Circuit, declared unconstitutional part of the

District's "general vagrancy" statute, D.C. Code 1967, § 22–3302, and the "narcotic vagrancy" statute, D.C.Code 1967, § 33–416a. Ricks v. District of Columbia, 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968); Ricks v. United States, 134 U.S.App.D.C. 215, 414 F.2d 1111 (1968). Appellant relies heavily on Ricks v. District of Columbia, *supra*.

■ Appellant's theory is twofold. First, that the procuring statute is vague under Supreme Court holdings that the requirements of the Due Process Clause of Amendment V of the Constitution are not met if the public is uncertain of the conduct prohibited or if judges and jurors have no fixed legal standards by which to ascertain what is prohibited.[2] Second, that because of the holding in Ricks v. District of Columbia, *supra*, it is clear that the language of the procuring statute is void for vagueness. We cannot agree.

Appellant relies on the unconstitutionality of that part of the vagrancy statute, D.C.Code 1967, § 22–3302(3), which defined a vagrant as "[a]ny person leading an immoral or profligate life * * *." Ricks v. District of Columbia, *supra* at 1106–1107. He then urges that the terms in the procuring statute "debauchery, or any other immoral act"[3] are likewise too vague to be constitutional. The constitutionality of this particular section of the D.C.Code has never been ruled on. But we think it is more informative to interpret the statute in question in light of interpretations of other statutes which use virtually the same language, than to construe it in light of the interpretation of the vagrancy statute, which we view as quite dissimilar in content.

The language "for the purpose of prostitution or any other immoral or lewd purpose" from the "inviting for purposes of prostitution" statute, D.C.Code 1951, § 22–2701, was held constitutional in Hawkins v.

2. *E. g.*, Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966) (and cases cited therein).

3. See note 1, *supra*.

United States, D.C.Mun.App., 105 A.2d 250 (1954).[4] The court there reasoned that the defendant was apprised of the specific conduct prohibited and that no uncertainty was involved in the language used.

Language even more similar to that in the procuring statute is found in the Mann Act, 18 U.S.C. § 2421, et seq.: "Whoever knowingly transports * * * any woman or girl for the purpose of prostitution or *debauchery, or for any other immoral purpose* * * *" commits a penal offense. 18 U.S.C. § 2421. (Emphasis supplied.) This language has been held to meet the requirements of the fifth amendment. Cleveland v. United States, 329 U.S. 14, 67 S.Ct. 13, 91 L.Ed. 12 (1946) (by implication); United States v. Lewis, 110 F.2d 460 (7th Cir. 1940), cert. denied, 310 U.S. 634, 60 S.Ct. 1077, 84 L.Ed. 1404 (1940); Burgess v. United States, 54 App.D.C. 71, 294 F. 1002 (1924) (by implication). We hold that the procuring statute likewise meets those requirements.

 The two challenged phrases are not to be lifted or taken out of context, as appellant in effect urges. "Under the *ejusdem generis* rule of construction the general words ['any other immoral purpose'] are confined to the class and may not be used to enlarge it. But we could not give the words a faithful interpretation if we confined them more narrowly than the class ['prostitution or debauchery'] of which they were a part." Cleveland v. United States, *supra* 329 U.S. at 18, 67 S.Ct. at 15. In the *Cleveland* case, the practice of polygamy was held violative of the Mann Act. We do not have in the case at bar such a frontal attack on the language "any other immoral act." It was obvious that the crime

charged here was of the type referred to as "commercialized vice." United States v. Marks, 274 F.2d 15 (7th Cir. 1959); Johnson v. United States, 215 F. 679 (7th Cir. 1914). *See also* Cleveland v. United States, *supra*. "That was the crime the [G]overnment alleged, and defendant could not have had any question as to why [he] was brought into court, or against what charge [he] was required to defend." Hawkins v. United States, *supra* 105 A.2d at 252. There was no error by either trial court in the application of this statute to the appellant.[5]

Affirmed.

---

4. The language construed as constitutional is now contained in D.C.Code 1967, § 22–2701.

5. Appellant urges that, in the jury trial, the judge's charge to the jury that it "must decide whether the defendant had an intent to procure a female for immoral purposes for this police officer" was improper. Assuming *arguendo*, that it was

and ignoring the fact that no objection was made at the trial, the instruction, when placed in context with the entire charge to the jury, obviously referred to illegal sexual immoralities and was proper. United States v. Marks, 274 F.2d 15 (7th Cir. 1959). *Cf.* Amadio v. United States, 348 U.S. 892, 75 S.Ct. 218, 99 L.Ed. 701, rev'g mem. 215 F.2d 605 (7th Cir. 1954).