## UNITED STATES ex rel. MARITOTE v. McDONNELL, Marshal.

### No. 8286.

Circuit Court of Appeals, Seventh Circuit.

April 19, 1943.

Francis J. Kennedy, of Chicago, Ill., for petitioner-appellant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for respondent-appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

### PER CURIAM.

Appellant has appealed to this Court from a final order entered by the District Court for the Northern District of Illinois, Eastern Division, discharging a writ of habeas corpus issued to test the validity of the detention of appellant, pending removal proceedings instituted pursuant to the provisions of Sec. 591 of Title 18 U. S.C.A. Such proceedings were predicated upon an indictment returned by Grand Jury in the United States District Court for the Southern District of New York. The grounds for discharge, as alleged in the petition for habeas corpus, were that appellant (defendant) was compelled to give testimony before the Grand Jury which resulted in his indictment, in violation of his constitutional rights, and that the indictment, therefore, was void and the New York Court without jurisdiction.

From the order discharging the writ of habeas corpus and remanding appellant to custody, an appeal was taken to this Court. Subsequently, appellant filed a motion in this Court for enlargement upon recognizance, with surety, pending appeal. Appellee moves for dismissal of both the appeal and the motion for enlargement upon recognizance, relying upon the recent decision of this Court in United States ex· rel. Dilling v. McDonnell, United States Marshal, 7 Cir., 130 F.2d 1012, 1013. In that case it was held that we were without jurisdiction, by reason of Sec. 463(a), 28 U.S.C.A., to entertain an appeal from an order discharging the writ of habeas corpus. Appellant contends that case has no application because there was no attack upon the jurisdiction of the Court wherein the indictment was returned, while the petition for habeas corpus in the instant case contained such an attack. We are of the view that such distinction is of no benefit to appellant. After all, the appeal in that case, as in this, is from the Court's order discharging the writ of habeas corpus and remanding the petitioner to the custody of the appellee. By the provision of the statute relied on in the Dilling case, the right of appeal to this Court is.

denied whether the habeas corpus proceeding is "to test the validity of a warrant of removal * * * or the detention pending removal proceedings."

There is no room for doubt but that this Court is without jurisdiction to entertain the appeal. Appellee's motion to dismiss the same is allowed. It follows that appellant's motion for enlargement need not be considered.