618

## In re SCHWINDT.

District Court, D. Oregon.
Oct. 15, 1947.

Edward B. Twining, Asst. U. S. Atty., and J. Robert Patterson, Asst. U. S. Atty., both of Portland, Or., for plaintiff.

Manley B. Strayer, of Portland, Or., for defendant.

JAMES ALGER LEE, District Judge.

The court has already announced that neither would plea be heard nor would sentence be pronounced in this cause which is still pending in the District of South Dakota.[1]

Defendant has, however, upon advice of the attorney appointed for her by the court, asked leave to withdraw her approval of the transmission of the copy of the indictment from that jurisdiction to this court, for the reason that consent was improvidently given.

Defendant says she was called into the office of an Assistant United States Attorney (who is not presently on that staff) and told that she could have the proceedings transferred to this court and that she would save a great deal of trouble and expense thereby. In view of the fact that she had a seven months old baby and could travel only with great inconvenience, this argument seems to have had considerable effect upon her mind. She was not told then nor was she told until months afterward that she was entitled to an attorney or to legal advice. She first was advised of this just before she came into court after the indictment had been transmitted. She was not informed that she could be taken back in custody at government expense. Nor was she told that an attorney would be furnished to advise her without cost to her. Under such circumstances she, without other advice, signed a consent on a form in the office of the Assistant United States Attorney and upon this basis the indictment was sent here. She was not brought into court and the court was not advised of the proceedings until some six months after she was first in the United States Attorney's office and just before she was asked to plead guilty.

Whatever the merits of Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, no jurisdiction could be conferred upon this court to hear this cause based upon this unadvised "consent".[2]

Another circumstance of note should be recorded. As the title of the case shows, Schwindt was jointly indicted with Bernice Diehl Bink. By hearsay, the court is advised Bink was given a mild sentence and placed upon probation. The problem of how jurisdiction for sentence of one defendant on an indictment lies in South Dakota and jurisdiction for sentence of another

---

[1] United States v. Bink and Schwindt, D.C., 74 F.Supp. 603.

[2] Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

defendant on the same indictment attaches to this court has already been dealt with. Turning from this, in a two judge court such as we have in Oregon, extreme care is taken that all defendants jointly indicted for the same crime be sentenced by the same judge. This is not mere courtesy and comity among judges. There is no technical command by constitution or statute. The course is dictated by the inherent necessity of maintaining fairness among defendants. In this case it might be assumed if Bink was granted probation by the judge there, that Schwindt likewise would be granted probation. There is no record that this factor overwhelming as it was, had been called to Schwindt's attention before she gave her consent. If she had been advised by a competent attorney, she would have known of it.

No criticism is intended of the sentence. No appeal lies from terms of a sentence. The judge weighs the act, the character of the defendant, and the limits placed by the statute. But above all he should consider the welfare of society as prescribed by the customs of the community where the act was committed, the temper of the people there. He must weigh the imponderables of conservatism and radicalism. Thus the people still rule through their judges. The appraisal of such elements is best made by a judge who lives or is sitting in the affected state and district. Jurisdiction at the place where the act was committed is demanded by these considerations alone.

Schwindt was not advised of the fact that the court of this district has imposed heavy sentences in case of forgery of endorsements on government checks, based upon the community outlook. Unquestionably, careful consideration would have been given to the age, sex, background and prospects of defendant. But this was an element of which she should have been told before she signed the "consent". Any attorney of this court would have suggested this element to her for final decision.

If proceedings can be transferred from one state and district to another by consent of defendant, extreme caution should be used to see that the consent is real, so that the ignorant and unwary may not be trapped thereby.[3]

Since the court has no jurisdiction, the court did not go through the useless formality of accepting a plea of not guilty, although Rule 20 expressly provides that in that event the clerk shall return the papers to the court in which the prosecution was commenced, but, on the other hand, permitted her to withdraw "consent". Inasmuch as the specious foundation has thus been removed, the court directs the clerk to transmit the papers to the District of South Dakota.

---

[3] The reverse side of this picture is that an astute criminal can shop for a lenient judge by going to the appropriate district before arrest. But, of course, the government will be saved the expense of transporting him back to the district of indictment. The officers of this court therefore have been advised to make no attempt to transfer cases within the jurisdiction of this court to another district.