**UNITED STATES v. TOLLETT et al.**

Cr. No. 17037.

District Court, D. Oregon.
Jan. 29, 1948.

Henry L. Hess, U. S. Atty., and Edward
B. Twining, Asst. U. S. Atty., both of Port-
land, Or., for the United States.

No appearance for defendants.

JAMES ALGER FEE, District Judge.

■ Defendant Henry Clay Green has
been indicted in this Court for bank rob-
bery. Later, the Honorable Lowell Mun-
dorff, Clerk of this Court, requested in-
structions as to whether he should trans-
mit certified copies of the papers in the case
under Rule 20, Federal Rules of Criminal
Procedure, 18 U.S.C.A. following section
687. The matter was held in abeyance un-
til the conditions of the Rule were met.
See Petition of Mundorff, D.C., 8 F.R.D.
7. Now the objections mentioned have
been rendered less pertinent by other proof.
The Court therefore advises the Clerk to
forward certified copies in accordance with
the express command of the Rule. Neither
this Court nor the Judges nor the Clerk
defy this mandate even in view of doubts
as to validity.[1]

It is the sentencing court which must be
satisfied that jurisdiction is present.[2] It is
with confidence that this Court passes on
this file with these engaging questions.
Even if the District Court of the Eastern
District of Oklahoma should be of the opin-
ion that they had jurisdiction of this cause
contrary to the holdings of this Court, such
a decision would indicate the integrity and
independence of the federal judiciary as
well as a decision in conformity with the
position taken here. It should be noted that
heretofore neither the criminal rules com-
mittee nor the Supreme Court nor the hear-
ings before congress had indicated to the
Courts the question.

■ There should be no doubt about one
position. This Court has jurisdiction over
the crime charged and over the indictment.
For that reason the Court retains the orig-
inal indictment in the files. This Court
claims the power now or later to bring
all defendants named upon the indictment,
including Green, before the Bar here. The

---

[1] United States v. Bink et al., D.C., 74
F.Supp. 603.

[2] In re Schwindt, D.C., 74 F.Supp. 618.

Court may proceed by bench warrant, mandamus or writ of habeas corpus ad prosequendum. This action may be taken at any time until all of the defendants have answered to the indictment here, even though they may have been sentenced or committed in some other jurisdiction upon a copy of the indictment or otherwise.

Since other defendants are here involved, this Court may recommit the cause to another Grand Jury for sufficient reason, may dismiss the indictment, may discharge any of defendants or may send the case for trial.[3] Even if a defendant had been elsewhere sentenced, the power of this Court over the indictment returned here has nowhere been taken away by decision, statute or rule.

We reiterate this insistence upon jurisdiction is not particularly for protection of Green, who says he is guilty. But we reiterate that if trial by jury and in the vicinage laid by Article III of the Constitution can be waived at all, both can be held to have been waived if defendant is found or arrested outside the state where the crime is charged to have been committed.

The Clerk is advised to forward certified copies of the papers in the case to the Clerk of the Eastern District of Oklahoma.

---

[3] United States v. Bishop, D.C., 76 F.Supp. 866. Following delivery of the opinion in the Bishop case here cited, the defendants Henry Clay Tollett and Sam Scribner were removed from California and presented for arraignment on the indictments against them in the District Court of Oregon. The dates theretofore set for trial in the cases of U. S. v. Henry Clay Tollett and Sam Scribner and U. S. v. Henry Clay Tollett and Henry Clay Green were cancelled with the provision that these would later be set for trial on order of the Court.