## LEVINE v. UNITED STATES.

No. 14090.

United States Court of Appeals
Eighth Circuit.

May 31, 1950.

Rehearing Denied July 25, 1950.

William J. O'Herin, St. Louis, Mo., (appointed by the Court), for appellant.

Drake Watson, United States Attorney, and Herbert H. Freer, Assistant United States Attorney, St. Louis, Mo., for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

**THOMAS, Circuit Judge.**

This is an appeal in forma pauperis, with consent of the court, from a judgment and order denying appellant's motion to vacate the judgments and sentences entered and rendered upon pleas of guilty to two indictments.

Counsel appointed by this court appeared and filed a brief for appellant in which he urges with skill and ability that the district court was without jurisdiction to hear and dispose of the causes involved.

In 1948 appellant was arrested in the Eastern District of Missouri, Eastern Division, upon warrants based upon three indictments for violations of the United States Postal Laws, one of which had been returned in the District of Massachusetts, one in the Eastern District of Michigan, Southern Division, and one in the Northern District of Illinois, Eastern Division.

Exercising the privilege granted him under Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] appellant filed a written "Request" in the court in the Eastern District of Missouri, referring to each of the indictments against him, and requesting the transfer of each cause to the Eastern District of Missouri where he was arrested, "in order", he declared, "that I may enter a plea of guilty to said indictment." In each instance appellant's request to transfer the case to the Eastern District of Missouri, where the arrest was made, was approved in writing by the United States attorney in the district where the indictment was returned, and also by the United States attorney for the Eastern

---

1. *"Rule 20. Transfer from the District for Plea and Sentence.* A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States at-

torneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceedings shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

District of Missouri, as required by the Rule.

The three cases were received and filed in the Clerk's office of the Eastern District of Missouri. On December 17, 1948, appellant appeared without counsel, waived the appointment of counsel, was arraigned and entered pleas of guilty in each case. The court of its own motion dismissed the indictment from Massachusetts. Under the indictments from Michigan and Illinois appellant was sentenced to imprisonment for terms aggregating ten years.

Thereafter appellant filed motions in the district court to "correct illegal sentences" imposed upon him. The motions were denied. Motions to vacate the judgments and sentences were then filed and denied. This appeal followed.

The appellant contends here, as he did in the district court, that the court erred in denying his motions to vacate the judgments against him on the ground that the court was without jurisdiction because

1. Rule 20 of the Federal Rules of Criminal Procedure could not confer power upon the district court to act upon the indictments;

2. The Requests for Transfer of the cases were illegal in that they did not comply with Rule 20; and

3. The cases were not assigned to a court in accordance with Rule 9(b) of the Rules of the District Court for the Eastern District of Missouri.

In support of his first contention appellant relies exclusively upon the decision of the district court of Oregon in United States v. Bink, 74 F.Supp. 603, 604, which involved an indictment returned in the District of South Dakota and was thereafter transferred under Rule 20 to the district court of Oregon. The court denied jurisdiction on the ground that Rule 20 cannot confer jurisdiction on the court because the "Constitution forbids indictment, trial and judgment in a criminal case in any state and district except where the crime was committed."

▇▇▇▇ The cited case supports the contention of appellant, but it is not, of course, controlling on this court. We are of the

opinion that Rule 20 is constitutional; that a person charged with a federal offense in one district may waive the right to be tried in that district, and that he may request a transfer to another district to enter a plea of guilty, and that a judgment entered in the district to which the case is transferred is a valid and binding judgment.

Article III, Section 2, Clause 3, of the Constitution provides: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

All these rights may be waived by an individual defendant. They are not jurisdictional but are privileges. Patton v. United States, 281 U.S. 276, 298, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; United Sates v. Sorrentino, 3 Cir., 175 F.2d 721. Trial by jury may be waived. Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435. Right to a speedy trial may be waived. Worthington v. United States, 7 Cir., 1 F.2d 154, certiorari denied 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475. Right to trial in the state and district where the crime was committed is waived when the defendant goes to trial without interposing an objection to the venue. United States v. Jones, 2 Cir., 162 F.2d 72, 73. The right to be confronted with witnesses is a privilege accorded to the individual accused of a crime. Grove v. United States, 4 Cir., 3 F.2d 965, certiorari denied 268 U.S. 691, 45 S.Ct. 511, 69 L.Ed. 1159. The right to have assistance of coun-

sel may be waived by the accused. Adams v. United States ex rel. McCann, supra.

It may be observed further that Rule 20 and all other Rules of Criminal Procedure for the United States District Courts have been approved by the Supreme Court and acquiesced in by the Congress.

■ Appellant next charges that the "Requests" for the transfer of the cases to the Eastern District of Missouri did not comply with Rule 20 that the transfers were therefore illegal.

So far as material here, Rule 20 provides that "A defendant arrested in a district other than that in which the indictment * * * is pending against him may state in writing, after receiving a copy of the indictment * * * [1] that he wishes to plead guilty or *nolo contendere,* [2] to waive trial in the district in which the indictment * * * is pending and [3] to consent to disposition of the case in the district in which he was arrested, * * *."

The attack upon the requests is that they do not conform literally to the rule in the three above-numbered requirements.

Since the indictment returned in Massachusetts was dismissed by the court we are not here concerned with its transfer. The "Requests" to transfer the causes from Illinois and Michigan are, except in minor respects, identical in form. The request to transfer the case from Michigan reads:

"I, Milton Levine, the above-named defendant, against whom an indictment has been returned by the Federal Grand Jury for the Eastern District of Michigan, charging violation of Sections 1702 and 1708, Title 18, United States Code [18 U.S. C.A. §§ 1702, 1708], in said Eastern District of Michigan, and having received a copy of said indictment, and in order that I may enter a plea of guilty to said indictment, I hereby request the transfer of said cause from the Eastern District of Michigan to the Eastern Division of the Eastern District of Missouri in which District I was arrested.

"/s/ Milton Levine.

"Dated this 18th day of November, 1948."

It will be observed that while the request does not follow the language of the Rule it embodies every material concept of the Rule. But further than that, the "Request" clearly waives appellant's constitutional right to be tried in the district in which the indictment was returned against him and requests "the transfer of said cause * * * to the Eastern Division of the Eastern District of Missouri." Patton v. United States, supra. This ground of complaint is without merit.

■ Appellant's final complaint does not suggest the violation of any right of his, nor does it point to any conduct of the court in the least prejudicial to him. There are three judges and three court rooms at St. Louis in the Eastern Division of the Eastern District of Missouri. Rule 9(b) of the Rules of the United States District Court for the Eastern District of Missouri provides for the assignment of cases as they are filed and docketed to the different courts. The complaint is that the method of assignment prescribed by the rule was not literally followed. It is not claimed that the variance from the usual method of assignment resulted in any prejudice to appellant. He could not make such claim, for the rule itself provides that "* * * if for any reason a case assigned as above cannot be heard by the Judge to whom under this rule such case would ordinarily be assigned, or if such case can with greater convenience be heard by any other Judge, then it shall be assigned or may be transferred to such other Judge." But even if control over the assignment of cases were not observed by the court under the rule, the judges have inherent power to administer the business of the courts in an orderly way. Litigants have no vested right in the order in which cases are assigned for trial; and it is not contended that the judge to whom the case was assigned was in any way disqualified.

The order appealed from is affirmed.