**MELTZER v. UNITED STATES** (two cases).

**Ex parte MELTZER.**

**No. 12887.**

United States Court of Appeals
Ninth Circuit.

April 13, 1951.

See also, 9 Cir., 188 F.2d 916.

914

Morris Lavine, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U.S. Atty., Clyde C. Downing and Robert Komins, Assts. U. S. Atty., all of Los Angeles, Cal., for appellee.

Before STEPHENS and POPE, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The Grand Jury of the Southern District of New York returned into the United States District Court an indictment found a true bill against Harold Meltzer charging that Meltzer and others within the jurisdiction did conspire to import and to buy, sell and transport unlawfully imported opium and to defraud the United States. The Court issued a bench warrant for arrest of Meltzer.

Meltzer was arrested on the bench warrant in California, was without delay brought before the nearest United States Commissioner who ordered bail at $100,000 and committed defendant in default thereof, pending removal to New York.

Before the removal hearing could be held, habeas corpus was brought in the United States District Court for the Southern District of California, seeking release from custody on the claim that bail was excessive. An order to show cause issued. A return thereto was filed which sets out the facts above among others. A hearing was held by Hon. Paul J. McCormick whereupon the Court dismissed the petition for writ of habeas corpus, discharged the order to show cause, and denied a motion to reduce bail.

In the order of filing there are before this court (1) a motion to reduce bail; (2) a petition for a writ of habeas corpus originally in this court; and (3) appeal from the order of Judge McCormick dismissing the petition for a writ of habeas corpus in the District Court.

■ Jurisdiction of the subject matter of this criminal proceeding is in the United States District Court of the Southern District of New York.[1] The indictment was returned there. It is charged defendant committed acts there.[2] If defendant is tried, he can constitutionally be tried only in that District.[3] There is doubt whether jurisdiction of the indictment can be lost by the courts of that District, even by consent.[4] This court has no appellate or other power to act in a cause pending before that District Court sitting in a state beyond the territorial limits of the Ninth Circuit. Only because of the necessity of personal presence of Meltzer at the criminal trial[5] is any proceeding in California required.

■ In order to fully protect the rights of a defendant, federal extradition or removal proceedings are required. The defendant is protected in three particulars, all of which go to the jurisdiction of the trial court. First, he must be shown to be the person indicted.[6] Second, there must be probable cause to believe he is the person who did the alleged criminal acts.[7] Third, it must be shown that he was capable of doing the act charged in that District.[8]

■ But the District Court of the Southern District of New York could not lose jurisdiction either of the indictment or the right to try Meltzer in person, simply because excessive bail was demanded in order to assure his personal presence in that court sitting across a continent. Neither this court nor any court in California should attempt to interfere with valid process of the District Court of the Southern District of New York. Such an attempt would bring about an unseemly conflict between two federal courts. If defendant has a remedy against bail alleged to be excessive, he should apply to the courts of the Second Circuit. But such courts might well require his personal presence in the territorial boundaries of their authority as a condition precedent to relief.[9] Indeed, there seems no constitutional requirement that any bail be fixed until defendant is in the jurisdiction of the court of indictment.[10]

■ The defendant brought the habeas corpus proceeding in the district court on the sole ground that the bail demanded was excessive. The District Court had no right to overrule the discretion of the United States Commissioner in a matter committed to that official, as a grace to the defendant. As soon as the warrant was applied for the district judge would have had similar discretion. The order dismissing the petition for the writ of habeas corpus is affirmed.[11]

1. Cf. Cooper v. Reynolds, 10 Wall 308, 316, 77 U.S. 308, 316, 19 L.Ed. 931.

2. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897; In re Rosdeitscher, D.C., 33 F. 657.

3. Art. III, Sec. 2, Clause 3, Fifth Amendment, Sixth Amendment, Constitution of the United States.

4. United States v. Bishop, D.C., 76 F.Supp. 866. United States v. Tollett, D.C., 76 F.Supp. 871.

5. Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L.Ed. 1011.

6. Johnson v. Hotchkiss, 9 Cir., 35 F.2d 914.

7. United States v. Keough, D.C., 48 F.2d 246. Johnson v. Hotchkiss, supra.

8. United States ex rel. Brody v. Hecht, 2 Cir., 11 F.2d 128. In re Doig, C.C.Cal., 4 F. 193. United States v. Rogers, D.C., 23 F. 658. In re Dana, D.C., 68 F. 886. United States v. Lee, D.C., 84 F. 626.

United States ex rel. Sirchie v. Smith, D.C., 52 F.Supp. 610.

9. Smith v. United States, 94 U.S. 97, 24 L.Ed. 32. Lewis v. United States, supra.

10. United States ex rel. Hughes v. Gault, 271 U.S. 142, 149, 46 S.Ct. 459, 70 L.Ed. 875. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501.

11. It is contended with great plausibility that this court has no jurisdiction of an appeal from an order in a habeas corpus proceeding to test the validity of a domestic removal proceeding. United States ex rel. Maritote v. McDonnell, Marshal, 7 Cir., 135 F.2d 342 so holds, by authority of former section 463(a), 28 U.S.C.A., which reads: " * * * there shall be no right of appeal from such order in any habeas corpus proceeding to test the validity of a warrant of removal issued pursuant to the provisions of section 1014

■ The petition for an original writ of habeas corpus in this Court is dismissed for lack of jurisdiction.[12]

■ As to the motion, if it be based on the habeas corpus proceeding in the District Court, it must be denied. Our rule[13] provides that the custody of such a petitioner shall not be disturbed upon appeal from disposition of a habeas corpus proceeding in a District Court. If the motion be otherwise based, we have no jurisdiction. But it should be said in this connection that there are many practical reasons why we should not reduce bail in any event. This amount was fixed upon representation of the United States Attorney in New York. There are no facts before us which indicate that the amount is excessive. On the other hand, there are facts which strongly indicate to the contrary. The cases of Luciano and Eisler are present in our minds. This is not the only indictment pending against the defendant in the Southern District of New York. According to the untraversed return, defendant has a criminal record in the federal courts of New York and in the state courts of California. Under these circumstances we should decline the responsibility of releasing him.

It is so ordered.

The mandate will issue forthwith.

of the Revised Statutes (18 U.S.C.A. sec. 591) or the detention pending removal proceedings." The section cited refers to removal proceedings in the United States.

This section, 28 U.S.C.A. § 2253 in the revision of 1948 had the same significance and prohibited appeals from habeas corpus under 18 U.S.C.A. § 3041, which refers to removals within the United States. But the 1949 amendment to the Judicial Code, section 113, amended 28 U.S.C.A. § 2253, so that the figures "18 U.S.C. sec. 3041" were changed to "18 U.S.C. sec. 3042." The latter section refers to foreign extradition. The reviser's note is that this change was to correct typographical error. See 1949 United States Code Cong. Service, p. 1272.

Our impression is that we should not by judicial construction strike out the figures placed in the revised section by Congress, even though we conceive they were misled either by negligence or design into "correcting" this so-called error. Instead, Congress should restore the proper text by another amendment.

12. De Maurez v. Swope, 9 Cir., 100 F.2d 530.

13. Rule 29 of the United States Court of Appeals for the Ninth Circuit.