**EARNEST v. UNITED STATES.**

No. 11436.

United States Court of Appeals
Sixth Circuit.

June 9, 1952.

William G. Lavell, Cincinnati, Ohio, for appellant.

Ward Hudgins, U. S. Atty., Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

The appellant was sentenced in the Middle District of Tennessee upon several indictments charging violation of the postal laws and the robbery of post offices. One of these indictments was returned by a grand jury sitting in Kentucky. To it, the

appellant pleaded guilty, after the case was transferred from Kentucky to Tennessee under the provisions of Rule 20 of the Rules of Criminal Procedure, 18 U.S.C.A.

Thereafter, he filed a petition for the vacation of this sentence under § 2255 of Tit. 28, U.S.C.A., and now appeals from a judgment overruling it.

■ The only seemingly meritorious contention in support of the appeal is that Rule 20 is unconstitutional in view of Art. 3, § 2, Clause 3, of the Constitution and the Sixth Amendment thereto, both of which provide, that trial shall be by jury and that such trial shall be held in the State where the crimes have been committed. These provisions are urged as jurisdictional and so may not be waived.

While it has sometimes been assumed, though not decided, that proceedings had in a district court upon appellant's consent and plea of guilty is a trial in the constitutional sense, the constitutional venue provisions have been held to constitute privileges accorded to one accused of crime and may be waived, as other privileges may be waived, including trial by jury. Only U. S. v. Bink, D.C.Or., 74 F.Supp. 603, supports the appellant's contention, but that case has been repeatedly disapproved, Levine v. U. S., 8 Cir., 182 F.2d 556, certiorari denied, 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665, U. S. v. Gallagher, 3 Cir., 183 F.2d 342, certiorari denied, 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659. Precedents are there sufficiently cited.

Judgment below is affirmed.

Kalodner, Circuit Judge, dissented.