**UNITED STATES of America,
Plaintiff,**

v.

**Cephas Raymond WILSON, Defendant.**

**Cr. No. 23774.**

United States District Court
E. D. Louisiana, New Orleans Division.

Aug. 15, 1955.

George R. Blue, U. S. Atty., New Orleans, La., for plaintiff.

Marjorie S. King, Atlanta, Ga., for defendant.

WRIGHT, District Judge.

On October 11, 1950, the defendant, on his plea of guilty, was sentenced to a mandatory term of twenty-five years for violation of 18 U.S.C. § 2114. He now moves under 28 U.S.C. § 2255 to vacate his sentence for the reason that he was not represented by counsel and that he had not waived his right to counsel.

The record shows that on September 27, 1950 the defendant executed a waiver

of indictment and consent to have the record of his case transferred from the United States District Court in the Western District of Washington to this court, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C. At the time he executed this waiver of indictment and consent under Rule 20, he was not represented by counsel, he had not waived his right to counsel, nor was he advised of his right to counsel. In addition, there was no indictment or information pending against him at the time in the United States District Court for the Western District of Washington.

The waiver of indictment and consent under Rule 20 was sent to the Western District of Washington, and on October 5, 1950 an information charging him with a violation of 18 U.S.C. § 2114 was filed against him in that district. Pursuant to Rule 20, the Clerk of Court for the Western District of Washington transmitted the prosecution papers, showing concurrence of the United States Attorney for that district to the transfer of prosecution, to the Clerk of this Court. On October 11, 1950 the de-

fendant in open court was apprised of his right to counsel, executed a written waiver of his right to counsel, entered a plea of guilty and was given the mandatory sentence of twenty-five years required by the statute. 18 U.S.C. § 2114.

■■■ A defendant in a criminal case has a right to counsel at every stage of the proceeding. Powell v. State of Alabama, 287 U.S. 45, 68, 69, 53 S.Ct. 55, 77 L.Ed. 158. Here the defendant, without counsel and without being advised of his right to counsel, was allowed to execute a waiver of indictment and consent to the transfer of his case under Rule 20,[1] which consent was predicated on his statement that he wished to plead guilty to an indictment or information that was not then in existence and of which, of course, he could not have received a copy, as required by Rule 20. Under the circumstances, the sentence was imposed upon the defendant in violation of his constitutional right to be represented by counsel at every stage of the proceeding, and the court, therefore, was without jurisdiction.[2] Johnson v.

1. Rule 20 reads:
"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement

shall not be used against him unless he was represented by counsel when it was made."

2. The Supreme Court in Johnson v. Zerbst, supra, 304 U.S. at page 467, 58 S.Ct. at page 1024, said:
"Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel,

Zerbst; 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; In re. Schwindt, D.C., 74 F. Supp. 618. Consequently, the sentence must be vacated and set aside.

It may be argued that the waiver of indictment and consent to transfer under Rule 20 is not so important a stage in the proceedings against the defendant that he needs counsel, and that failure to advise him of his right to counsel did not amount to a deprivation of any right protected by the Constitution. An analysis of Rule 20, however, indicates otherwise. Rule 20 provides that a defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty, to waive trial in the district in which the indictment or information is pending, and to consent to the disposition of the case in the district in which he was arrested, subject to the approval of the United States Attorney for each district. It further provides that the defendant's statement that he wishes to plead guilty shall not be used against him unless he was represented by counsel when it was made. Here we have a defendant without counsel, not advised of his right to counsel, indicating a desire in open court to plead guilty to an information or indictment which was not even in existence. Under the circumstances, certainly there was no valid consent to transfer his case from the Western District of Washington to this court for the reason there was no case to transfer. Moreover, at the time of his arraignment, the defendant was in no position to know that his previous admission of guilt could not be used against him in the event he decided to enter a plea of not guilty. Rule 20, Fed.Rules of Crim. Proc. Having admitted his guilt in open court on a prior occasion, the futility of denying his guilt at arraignment and going to trial must have seemed so apparent to him that he did not even consider the advisability of entering a plea of not guilty.

This is a serious case. A young man has been sentenced to serve 25 years. A court should scrutinize carefully the record in such case in order to determine whether there has been a denial of any constitutional right. In this case there was, and the sentence must be vacated and set aside. It is so ordered.

who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement, of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdition is void, and one imprisoned thereunder may obtain release by *habeas corpus*."