**John R. FROST, Petitioner,**

v.

**Leon R. YANKWICH, Chief Judge, and the United States District Court for the Southern District of California, Central Division, Respondents.**

**Misc. No. 731.**

United States Court of Appeals Ninth Circuit.

April 9, 1958.

John R. Frost, in pro. per.

Laughlin E. Waters, U. S. Atty., Henry P. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Petitioner is presently confined to the Los Angeles County Jail, in the Southern District of California, pursuant to a stay of execution granted by the Honorable Walter L. Pope, a judge of this Court on February 19, 1958, staying an Order of Removal dated July 3, 1957 issued by the Honorable William G. East, judge of the said United States District Court, sitting in the Southern District of California, Central Division, which ordered petitioner's removal to the Northern District of Illinois in response to a bench warrant, dated December 5, 1955, issued out of that jurisdiction.

The purpose of the stay of execution granted was to permit the hearing by this Court of a Petition for Peremptory Writ of Mandamus directed against the Honorable Leon R. Yankwich requiring Judge Yankwich to issue a writ of habeas corpus in petitioner's favor, which said Judge Yankwich had refused to do on

two occasions subsequent to the filing of petitions for two several writs of habeas corpus filed by said petitioner on July 3, 1957 and January 14, 1958, respectively, and which petitions for writs of habeas corpus had been denied by the said Judge Yankwich on July 3, 1957 and January 16, 1958, respectively.

Petitioner alleges he was arrested on June 11, 1957 under and pursuant to the said bench warrant dated December 5, 1955 issued by Honorable J. Sam Perry, judge of the United States District Court for the Northern District of Illinois, directing the arrest of one E. A. or Edward A. Simmons and his production before the Illinois District Court to answer to a Rule to Show Cause, likewise issued under date of December 5, 1955, directing the said E. A. or Edward A. Simmons to appear to answer a petition filed December 1, 1955 for a Rule to Show Cause why said Simmons should not be adjudged in contempt of court for perpetrating a fraud on that court by appearing therein as a pretended duly qualified attorney.

The petition before us alleges that the petition (for a Rule) to Show Cause charges that said Simmons filed his appearance as attorney for the petitioner in a matter entitled "U. S., ex rel. E. A. Simmons for and on behalf of Corbus Officer, petitioner, vs. Leonard Friberg, Sheriff, respondent"; that it was "a case involving habeas corpus proceedings then lately pending in the said Illinois District Court, without having been duly admitted to practice law before the said Court," all of which, it is alleged, constituted contempt of court.

Petitioner, John R. Frost alleges he was arrested in Los Angeles and booked at the Los Angeles County Jail as Edward A. Simmons despite the fact he, Frost, "identified himself as John R. Frost."

He further alleges that on June 12, 1957, he was taken before a United States Commissioner, at Los Angeles, and advised that the only question which the Commissioner was authorized to consider under Rule 40 of the Federal Rules of Criminal Procedure, 18 U.S.C., was whether or not petitioner was Edward A. Simmons; and that that issue was decided adversely to petitioner, despite his objections, on the issue of identification; and the matter of removal was then heard by the District Court, Honorable William G. East presiding, and an order of removal made.

Petitioner attacks this order of removal, as we understand it, upon the following grounds:

(1) No proper service on, nor attempt to serve, Simmons with (a) Petition (for a Rule) to Show Cause, or (b) Rule to Show Cause (para. 11, Specif. a and b).

(2) The alleged contempt took place at a term of the Northern Illinois District Court prior to that in which the petition for and rule to show cause and the bench warrant were issued. (Para. 11, Specif. c, d, e, f.)

(3) The bench warrant should not have been issued for no act of contempt was committed. (Para. 11, Specif. g.)

(4) Rule 40 did not authorize order of removal because (a) applicable only to criminal cases; (b) applicable only after Complaint, Information, or Indictment; (c) applicable only after hearing on (i) probable cause of guilt and (ii) identity. (Para. 11, Specif. h, i, l.)

(5) The District Court had no power to order removal. (Para. 11, Specif. j, k.)

Petitioner having failed to obtain his release by reason of the denial of his habeas corpus petitions, both on July 3, 1957 and January 16, 1958 (each numbered Misc. No. 133), states he has been deprived of his liberty in violation of the Fifth and Sixth Amendments to the Federal Constitution; that in refusing to grant petitioner's said several petitions for a writ of habeas corpus, the respondents, Honorable Leon R. Yankwich and the District Court itself, have failed to perform their "official and judicial duty"; that their said action is not appealable (Binion v. United States, 9 Cir., 1953, 201 F.2d 498), and hence pe-

titioner is entitled to a writ of mandate requiring Judge Yankwich and the District Court to grant his petition for writ of habeas corpus.

Jurisdiction of this Court rests on 28 U.S.C. § 1651—the all-writs section.

Although petitioner has at times past been represented by counsel, he appears before this Court in propria persona. For that reason among others we think it best to go into more detail in outlining and disposing of this matter than we might ordinarily do.

A chronology of proceedings here, in the court below, and in the United States Supreme Court aids us. We find:

(1) June 11, 1957: petitioner was arrested at Los Angeles, California.

*In the United States District Court for the Southern District of California, Central Division:*

(2) June 20, 1957: Misc. No. 133, Petition for Writ of Habeas Corpus filed; hearing before Honorable Leon R. Yankwich.

(3) June 20, 1957: Writ denied by written order as premature, dated June 22, 1957.

(4) June 25, 1957: Hearing on identification and probable cause before U. S. Commissioner. Final Commitment issued.

(5); July 3, 1957: Petition for Warrant of Removal filed. Order of Removal issued by Honorable William G. East (No. 2652).

(6) July 3, 1957: Order filed by Judge Yankwich denying petitions for writs of habeas corpus, Misc. 133.

(7) Various stays of execution of order of removal granted by judges of the District Court.

*In the United States Supreme Court:*

(8) July 26, 1957: Mr. Justice Black granted stay of execution of order of removal.

(9) January 6, 1958: Certiorari denied by the United States Supreme Court (Misc. 127); 355 U.S. 915, 78 S.Ct. 344, 2 L.Ed.2d 275.

(10) February 3, 1958: Rehearing denied by United States Supreme Court (Misc. 127); 355 U.S. 942, 78 S.Ct. 430, 2 L.Ed.2d 423.

*In the United States District Court for the Southern District of California, Central Division:* (Misc. 133.)

(11) January 14, 1958: Petition for writ of habeas corpus filed by petitioner. Denied by Judge Yankwich on January 16, 1958.

(12) January 22, 1958: Petition for Certificate of Probable Cause; Notice of Appeal; Motion to Proceed in Forma Pauperis; and, Praecipe filed.

(13) January 23, 1958: Judge Yankwich denied motion to proceed in forma pauperis.

*In the United States Court of Appeals for the Ninth Circuit (Undocketed):*

(14) February 19, 1958: Petition for Stay of Execution filed.

(15) February 19, 1958: Petition for Peremptory Writ of Mandamus filed.

(16) February 19, 1958: Notice of Petition for Peremptory Writ of Mandamus filed.

(17) February 19, 1958: Motion and Petition for Leave to File Petition for Peremptory Writ of Mandamus and for Leave to Prosecute in Forma Pauperis filed.

(18) February 19, 1958: Honorable Walter L. Pope ordered "Stay granted until hearing on the attached Petition for Leave to file Petition for Writ of Mandamus which clerk is directed to add on the Feb. 24th Calendar."

(19) February 24, 1958: Order (by Judges Pope and Hamley) continuing matter to March 3, 1958 at Los Angeles.

(20) March 3, 1958: Petition for Writ of Habeas Corpus ad testificandum and Memorandum in Support of Petition for Writ of Mandamus filed.

(21) March 3, 1958: Matter continued for hearing to March 7, 1958.

(22) March 7, 1958: Hearing and argument, petitioner appearing in propria persona.

The memorandum in support of the petition for mandamus discloses that petitioner relies almost wholly [1] on alleged oral statements allegedly made by Chief Judge Yankwich "in his oral opinion of July 16, 1957." That oral opinion was not before us as part of the record although petitioner purports to quote at length from it in his "Memorandum." We have obtained a copy of the proceedings on July 16, 1957 as reported by the official court reporter. The only order disclosed by the record before us, referring to any legal proceedings on July 16, 1957, is an order of Judge Yankwich's dated and filed July 17, 1957 referring to a *hearing* on July 16, 1957 in the matter of staying execution of the order of removal of July 3, 1957, "until the United States Supreme Court refuses to hear petitioner's cause." As we have seen the Supreme Court did refuse to hear petitioner's cause on January 6, 1958.

Petitioner charges that in said "oral opinion," Judge Yankwich states he made his July 3, 1957 ruling when "he was preoccupied," and when "my attention was directed to other things"; that "there was no jurisdictional basis for an order of removal"; that "Rule 40 was inapplicable to the factual situation even as alleged by the government * * *."

In the first place, Judge Yankwich delivered no "oral opinion" on July 16, 1957. On that date, he was considering whether he should stay execution of the order of removal until the Supreme Court acted. He expressed concern as to whether Rule 40(b) referring only (in subdivision (3)) to "prosecution by indictment * * * information or complaint," prevented any use of removal proceedings under Rule 40 to determine whether a person was guilty of contempt of court—he being only charged with such contempt and a warrant for his arrest having been issued—he not having been charged by "indictment, information, or complaint."

In the second place, Judge Yankwich, after raising this question, concluded his extemporaneous remarks with this statement (not disclosed by petitioner in his petition):

"I am of the view that in the circumstances in this case the inherent power of the Court may be strong enough to reach this situation, but the question is not without doubt. * * * [I]t may be that the Supreme Court * * * will say that as Rule 40 does not give to an order to show cause in a contempt matter the power of an information or of an indictment, that for that reason the power does not exist, and that the question should be raised or can be raised at the place where the defendant is found * * *." [2]

Judge Yankwich thought it best to maintain the status quo and ordered a stay of execution of the order of removal until the Supreme Court could act. It did act, and adversely to defendant.

But we do not need to rely on an interpretation of what Judge Yankwich may have meant or thought in his spontaneous remarks from the bench on July 16, 1957. We have before us his two orders of July 3, 1957 and January 16, 1958.

Both of Judge Yankwich's orders are short and read as follows:

"Petition is denied upon the grounds that it appears upon the face of it that the petitioner is not entitled thereto under Rule 40. (28 U.S.C.A. § 2243.) The action of the Court in granting removal is final.

---

1. In fact, petitioner's memorandum in support of his petition here cites no cases, but quotes from the alleged oral opinion and cites 11 Cyc. of Fed.P., 3 ed., § 40.-173, which holds that one held in custody for removal to another federal district for trial may obtain relief by habeas corpus proceedings in a proper case.

Petitioner had his remedy, but its use was unsuccessful. Lacking a right of appeal, remedy can be obtained only in the Illinois District Court. (Amendment of 28 U.S.C. § 2253, para. 2; see, 1949 U.S.Cong.Serv., p. 1248.)

2. Reporter's Transcript of Proceedings, July 16, 1957, pp. 4-6.

(Binion v. United States [9 Cir.], 1953, 201 F.2d 498.)

"It is therefore, not reviewable in any manner, except on appeal after conviction.

"Dated this 3rd day of July, 1957."

"Petition is denied upon the grounds that it appears upon the face of it that the petitioner is not entitled thereto under Rule 40. (28 U.S.C.A. § 2243.) A similar petition based on the same ground was denied on July 3, 1957. (28 U.S.C.A. § 2244.)

"Habeas corpus is not a means of testing the right to remove which is final. (See, Binion v. United States, 9 Cir., 1953, 201 F.2d 498.)

"Dated this 16th day of January, 1958."

Thus we see that Judge Yankwich was consistent in his rulings and perhaps fortified by the time of his second ruling by the Supreme Court's refusal to grant certiorari to petitioner on January 6, 1958, 355 U.S. 915, 78 S.Ct. 344, 2 L.Ed. 2d 275, despite the doubts any legal scholar might have had previously.

■ A writ of mandamus directing a court to do some act is an extraordinary remedy and is properly issued only when the lower court clearly acts in excess of its jurisdiction, abuses its jurisdiction, or refuses to exercise it. Johnston v. Marsh, 3 Cir., 1955, 227 F.2d 528, 531. Rarely should a writ of mandamus be issued. It is "reserved for really extraordinary causes." Ex Parte Fahey, 1946, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041.

No showing exists here of any abuse or excess of jursdiction, nor any refusal to exercise jurisdiction. In fact, just the opposite showing has been made by petitioner. He simply disagrees with the result.

■ ■ Petitioner really seeks to appeal from Judge Yankwich's orders denying habeas corpus. Such an appeal is prohibited by statute. 28 U.S.C. § 2253

(formerly 28 U.S.C.A. § 463(a)). This section was amended June 29, 1938 to abolish such appeals. Earlier cases are not in point. This Court here has no jurisdiction to hear appeals from such an order of removal. Hemans v. Matthews, 1946, 81 U.S.App.D.C. 417, 158 F.2d 9; United States ex rel. Maritote v. McDonnell, 7 Cir., 1943, 135 F.2d 342; United States ex rel. Angelica v. Hammond, 5 Cir., 1938, 99 F.2d 557, rehearing denied, Carlisle v. Hammond, 5 Cir., 100 F.2d 227, certiorari denied, 306 U.S. 638, 59 S.Ct. 488, 83 L.Ed. 1039. Mandamus cannot be substituted for appeal. Ex Parte Fahey, supra, 332 U.S. at page 260, 67 S.Ct. at page 1559.

■ But if petitioner had a right of appeal, it would avail him nothing. Judge Yankwich's denial of habeas corpus was in each instance correct. 28 U.S.C. § 2243. Meltzer v. United States, 9 Cir., 1951, 188 F.2d 913.

In Binion v. United States, supra, relied on by Judge Yankwich, and in Meltzer v. United States, supra, the petitioner had been indicted. This Court dismissed an appeal from the order of removal. Because the rules promulgated by the Supreme Court (Rule 40(b)(3), Fed.R. Crim.P.) set up certain procedures relating to hearings and differentiate between prosecutions instituted by indictment and those prosecutions initiated by information or complaint, it does not mean that Rule 40(b)(1) relating to persons "arrested upon a warrant issued in another state" is modified or restricted by the procedural steps outlined in Rule 40(b)(3). The record shows a prosecution is pending in Illinois, and that a warrant was issued there for the arrest of Simmons. The defendant had a hearing on the issue as to whether he was Simmons. He was found to be the person against whom the warrant was issued and against whom the prosecution is pending. Probable cause was found. Petitioner's remedy, if any, lies in the Illinois jurisdiction. If he has a defense, it is there that it must be presented.

The Motion and Petition for leave to file the Petition for a Peremptory Writ of

Mandamus is granted. The Petition for Leave to Prosecute in Forma Pauperis is granted. The Petition for Peremptory Writ of Mandamus is denied. The Petition for Writ of Habeas Corpus ad Testificandum is denied as moot. The Petition for Stay of Execution of Order of Removal is denied.