**Francis J. HILDERBRAND, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 6987.

United States Court of Appeals
Tenth Circuit.

June 22, 1962.

Rehearing Denied Aug. 3, 1962.

Bruce Zuercher (L. D. Klenda was with him on the brief) for appellant.

Robert Green, Assistant United States Attorney, for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The appeal is from an order of the court below, denying appellant's petition for a writ of error coram nobis which sought to vacate and set aside the judgment and sentence entered upon his plea of guilty to an indictment. The petition for writ of error coram nobis may properly be treated as a motion to vacate the judgment and sentence under 28 U.S. C.A. § 2255. Stephens v. United States, 10 Cir., 246 F.2d 607; Bell v. United States, 9 Cir., 269 F.2d 419.

In 1952 appellant was indicted in the United States District Court for the Western District of Washington on a charge of murder in the first degree. He entered a plea of guilty and was sentenced to a term of 35 years. Subsequently, the judgment and sentence were set aside in Hilderbrand v. United States, 9 Cir., 261 F.2d 354, and the indictment dismissed because of its insufficiency.

On March 18, 1959, appellant was re-indicted in the Washington District on

the same charge, and taken into custody by the United States Marshal for the District of Kansas. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., appellant consented in writing to a transfer of his case to the District of Kansas for plea and sentence. Upon his plea of guilty to second degree murder, he was sentenced to a term of 20 years, which sentence was later reduced to 15 years.

On December 22, 1961, the present proceeding was commenced and resulted in the order of the lower court denying relief, from which this appeal was taken.

 Appellant's sole contention is that Rule 20 of the Federal Rules of Criminal Procedure is unconstitutional as being violative of Article III, Section 2, Clause 3 of the Constitution of the United States and the Sixth Amendment thereto and, therefore, the lower court lacked jurisdiction to receive his plea of guilty, enter judgment of conviction and render sentence thereon.

It is argued that the provisions of Article III, Section 2, Clause 3 and the Sixth Amendment relating to place of trials are jurisdictional limitations and may not be waived so as to confer jurisdiction in any court other than the court in the district where the crime was committed. In support of this contention, appellant cites and relies upon United States v. Bink, 74 F.Supp. 603 (D.C.Or., 1947); In re Schwindt, 74 F.Supp. 618 (D.C.Or., 1947); United States v. Bishop, 76 F.Supp. 866 (D.C.Or., 1948); United States v. Tollett, 76 F.Supp. 871 (D.C. Or., 1948).

The appellant's contention is without merit. The constitutionality of Rule 20 was upheld by the Sixth Circuit in Earnest v. United States, 6 Cir., 198 F.2d 561; by the Third Circuit in United States v. Gallagher, 3 Cir., 183 F.2d 342, cert. den. 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; and by the Eighth Circuit in Levine v. United States, 8 Cir., 182 F.2d 556, cert. den. 340 U.S. 921, 71 S. Ct. 352, 95 L.Ed. 665. In each case, the court held the constitutional provisions as to the place of trial relate to venue and are personal privileges which may be waived, as other privileges may be waived.

This Court, while not specifically and directly ruling upon the constitutionality of Rule 20, has also held that the constitutional provision respecting place of criminal trials is a personal privilege which may be waived. Bickford v. Looney, 10 Cir., 219 F.2d 555; Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940, cert. den. 317 U.S. 666, 63 S.Ct. 76, 87 L.Ed. 535.

Accordingly, we conclude that Rule 20 is constitutional and the lower court properly denied the motion.

Affirmed.