Ronald Joseph JACKSON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 73-1265.

United States Court of Appeals,
First Circuit.

Heard Dec. 5, 1973.

Decided Jan. 2, 1974.

Anthony J. Turco, Boston, Mass., by appointment of the Court, for appellant.

Alan R. Hoffman, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The appellant was indicted in the Southern District of California on June 19, 1967 on two counts of interstate transportation of a forged security, 18

U.S.C. § 2314. He appeared before that court and was released on personal recognizance. He then failed to appear on the date set and was indicted for this failure under 18 U.S.C. § 3150. In August, 1967, he was arrested by federal authorities in Massachusetts. At a hearing before the district court for bail reduction he indicated that he wanted to proceed under Rule 20 Fed.R.Crim.P. and plead guilty to the California charges. Appellant, the Assistant U. S. Attorney for the District of Massachusetts, and the district judge signed the Rule 20 consent to transfer forms. The court telephoned the Assistant U. S. Attorney for the Central District of California and received his oral consent to the transfer proceedings. The court then accepted the defendant's guilty pleas and sentenced him to the maximum term for each count, the sentences to run concurrently. This conviction was affirmed.

Appellant recently moved to vacate sentence on the grounds that an unfulfilled plea bargain rendered his plea involuntary. He was represented by counsel in a hearing before a magistrate who found that there had been no promises made. In addition, the magistrate himself raised the question whether the district court had jurisdiction to accept the pleas since Rule 20 requires the written approval of the U. S. Attorney for the district in which the indictment was pending and no such written consent had been given by the California authorities. The magistrate concluded that failure to comply with Rule 20 did not deprive the district court of jurisdiction. Before the district court approved this report, Jackson filed another motion to vacate judgments of conviction and set aside sentence because of non-compliance with Rule 20 and the failure of the court to question the defendant before accepting the guilty pleas under Rule 11 Fed. R.Crim.P. The magistrate recommended that this motion be denied as well; the district court approved both of the magistrate's recommendations. This appeal followed.

■ The appellant contends that Rule 20 is a jurisdictional rule and that any technical non-compliance deprives a court in a district where the crime did not occur of jurisdiction. We reject this argument. Rule 20 is a venue-waiving provision. Hilderbrand v. United States, 304 F.2d 716 (10th Cir. 1962); Earnest v. United States, 198 F.2d 561 (6th Cir. 1952); United States v. Gallagher, 183 F.2d 342 (3rd Cir. 1950), cert. den., 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659 (1951); Levine v. United States, 182 F.2d 556 (8th Cir. 1950), cert. den., 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665 (1951). The right of the defendant to trial in the district where the offense was committed may be waived by the defendant under Rule 20 by his written consent to disposition of the case in the district in which he has been arrested. In this case the defendant signed the requisite forms and pleaded guilty, thereby waiving any right to challenge the impropriety of venue. See Bistram v. United States, 253 F.2d 610 (8th Cir. 1958).

■ The Rule 11 challenge presents a more difficult problem. It is admitted that the district court did not comply with the requirements of that Rule. Had this proceeding taken place after the decision in United States v. McCarthy, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) such a failure would automatically mandate vacation of sentence and the opportunity to plead anew. However, the Court has refused to apply this rule retroactively, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) reh. den. 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969). The appellant contends that a special treatment ought to be given to those cases which arose after the 1966 amendment of Rule 11 which made clear the duty of the district court, and that these cases ought to be dealt with under the uniform approach. We cannot agree. The Court could have adopted such a rule but refused to do so. See *Halliday* at 834, 89 S.Ct. 1498 (Harlan, J. concurring).

■ The rule that applies to those cases pleaded prior to the *McCarthy* ruling requires examination in each case to assure the plea entered was voluntary. *Halliday* at 833, 89 S.Ct. 1498; Manley v. United States, 432 F.2d 1241 (2d Cir. 1970); Durant v. United States, 410 F. 2d 689 (1st Cir. 1969). Appellant has had such a hearing on his claim that there were bargains made and not fulfilled. But he now contends that he was not informed of, and did not know the maximum sentences which could be imposed if he pleaded guilty. This knowledge goes to the voluntariness of a plea. Counsel for the government, with commendable candor, acknowledges this to be so. The case must be remanded for a hearing on whether the appellant was advised of or was aware of the maximum sentence that could be imposed. If the government, having the burden of proof, *Durant* at 693, cannot show that appellant was so informed or aware, he must be given the opportunity to plead anew.

Remanded for proceedings consistent with this opinion.