Gottfried William **KREUTER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15000.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1955.

Rehearing Denied Feb. 24, 1955.

Joseph A. Calamia, El Paso, Tex., for appellant.

Holvey Williams, Asst. U. S. Atty., El Paso, Tex., Charles F. Herring, U. S. Atty., Austin, Tex., for appellee.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

ALLRED, District Judge.

Appeal from conviction for mail fraud, 18 U.S.C.A. § 1341. Trial was before the Court, the sentence being five years on each count, concurrent. We approve generally the able trial judge's opinion, 119 F.Supp. 227. On this appeal, appellant's attorney attacks each conclusion of law by the trial court; and appellant personally has filed a handwritten brief. We will state these contentions as we discuss them.

The indictment, we believe, described the offense sufficiently to put appellant on notice and enable him to plead former jeopardy, which is the uniform test. While it did not, as in United States v. Kuiken[1] describe a particular bank upon which worthless checks would be given, it alleged, and the evidence shows, a well-laid and continuing scheme to create a spurious appearance of credit by establishing accounts in various banks, depositing worthless checks drawn upon distant banks, and securing local credit so as to draw checks thereon, during a specific period of time.[2] It alleged, as intended victims, all who would cash appellant's worthless checks. Except for a description of the scheme, it follows generally form 3 of the Appendix of Forms for the Federal Rules of Criminal Procedure, 18 U.S.C.A. The elements of the offense covered by the mail fraud statute are: (1) intention to defraud; and (2) execution of the intention by use of the mails.[3] These elements were clearly charged; and we do not believe the

1.  101 F.Supp. 929, Kuiken v. United States, 5 Cir., 196 F.2d 223.

2.  Cf. Guardalibini v. United States, 5 Cir., 128 F.2d 984.

3.  Silverman v. United States, 5 Cir., 213 F. 2d 405.

court abused his discretion in refusing to grant the motion for a bill of particulars.

■ Counts 1 and 4, after charging the scheme, alleged that for the purpose of executing the scheme, appellant "caused to be placed in an authorized depository for mail matter a letter * * * addressed to" a described bank, "to be sent and delivered by the Post Office Establishment of the United States." Counts 2, 3, 5, and 6, charged him with causing "to be delivered by mail, according to the direction thereon, a letter addressed to" a described recipient. These allegations were in the words of the statute which is sufficient unless the statute omits an essential element.[4] Appellant contends that since the evidence shows that, in addition to the deposit in the El Paso National Bank, he deposited worthless checks with banks in Albuquerque, New Mexico, and Dallas, Texas, this demonstrates that the indictment was insufficient to put him on notice as to what the Government expected to prove; further, that the Western District of Texas, where he was tried, had no jurisdiction, hence he could not plead jeopardy in Albuquerque or Dallas. This overlooks the fact that the gravamen of the offense is the use of the mails. Therefore, he could be tried where he caused a letter to be either mailed or delivered in furtherance of the scheme. The place where the scheme is conceived or put in motion is immaterial, it is the place of mailing or delivery by mail. The letters involved here were mailed or received at the place of prosecution.

■■ Appellant next contends that the evidence is insufficient to show mailing, use of the mails or receipt through the mails. Without reviewing the evidence we think it was sufficient in this respect. There was specific testimony that the letters were sent by, or received through, the United States mail. Appellant says that this testimony was "assumption and conclusions by witnesses;"

but the record does not show that. There is no merit in the contention that the bank records and those of Sears and Montgomery Ward were hearsay. They were admissible under 28 U.S.C.A. § 1732.[5]

■ In his own brief, appellant argues that there was no "tie-in" for mail fraud since the checks he deposited in the banks were for collection only; that no one was defrauded through the use of the mails (by the banks sending his checks through for collection); that all the record shows is that he cashed some worthless checks at local stores; that, while the indictment attempts to supply this "tie-in" by alleging that it was part of the scheme to use the deposit slip in inducing prospective victims to cash his worthless checks, there is no evidence that it was so used and no evidence that any one was defrauded or misled through usage of the mails. There is in evidence, however, two easy payment order blanks for merchandise purchased from Sears, at El Paso and Dallas, which appellant caused to be filled out with information furnished by him, falsely showing he had a checking and savings account with the El Paso National Bank and Texas Bank & Trust Company (of Dallas). The record shows that appellant deposited worthless checks for substantial amounts, drawn on distant banks, immediately thereafter sought to establish local credit and, in the course of it, gave worthless checks on the local bank. By the very giving of the checks, he represented that he had a good account in those banks and it might have been expected that, if a victim called in to verify that fact, some clerk might confirm it without reporting that his deposit had been made on a collection basis. Knowing that his checks on the out-of-town bank would be sent through the mails for collection, appellant gained time to cash checks for smaller amounts, as he did, meantime moving on to fresh fields for similar operations until he was caught.

4. Sutton v. United States, 5 Cir., 157 F.2d 661; Robertson v. United States, 5 Cir., 168 F.2d 294, 295.

5. Duncan v. United States, 5 Cir., 197 F. 2d 935, 937.

The Government has the burden of proving the essential elements of the scheme, but it is not necessary to prove that every step was accomplished and the crime was complete when the scheme was conceived and the mails used in an attempt to execute it.[6] The scheme may exist although no misrepresentation of fact is made.[7] Success of the scheme is not essential to completion of the offense and it is not necessary to prove communication of the alleged false representations to the victims.[8]

The case is without error and is affirmed.

---

6. Alexander v. United States, 8 Cir., 95 F. 2d 873, 877; Butler v. United States, 10 Cir., 53 F.2d 800, 805; Sasser v. United States, 5 Cir., 29 F.2d 76.

7. Henderson v. United States, 6 Cir., 202 F.2d 400, 404; Shushan v. United States,

5 Cir., 117 F.2d 110, 115, 133 A.L.R. 1040.

8. United States v. Sylvanus, 7 Cir., 192 F. 2d 96, 106.