Gottfried William **KREUTER,**
Appellant,

v.

Chester H. **LOONEY,** Warden, U. S. Penitentiary, Leavenworth, Kansas,
Appellee.

No. 5432.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1956.

No appearance for appellant.

Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from the order of the United States District Court for the District of Kansas denying appellant's application for release from appellee's custody by writ of habeas corpus and dismissing the proceeding.

Appellant was convicted of violating the mail fraud statute, 18 U.S.C.A. § 1341, in the United States District Court for the Western District of Texas, and the sentence from which he seeks release was imposed in that case. In essence, the ground on which he seeks release is that the judgment is void because the indictment failed to allege a federal offense and the court, therefore, was without jurisdiction to try him. Preceding the determination of the issues by the trial court in this proceeding, he filed an application in the sentencing court under Section 2255, 28 U.S.C.A. in which he sought to vacate the judgment on substantially the same grounds asserted here. Relief was denied him in that proceeding. He seeks to maintain this action on the ground that Section 2255 is inadequate to test the validity of his detention. With this contention we cannot agree. Aside from the fact that substantially the same points now urged were in issue in the original trial, United States v. Kreuter, D.C., 119 F.Supp. 227, and on appeal to the Circuit Court, 5 Cir., 218 F.2d 532, as well as in the Section 2255 proceeding, and were considered and determined adversely, a casual examination of the allegations of the indictment as set out in the trial court's opinion in the original case convinces that a federal offense was charged. In the face thereof his assertion that the trial court's mind was foreclosed in the Section 2255 proceeding and that, therefore, the remedy thereunder was inadequate lacks merit.

Affirmed.