**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Skander NASSER, Jr., Defendant-
Appellant.
No. 13491.**

United States Court of Appeals
Seventh Circuit.

March 23, 1962.

Rehearing Denied April 13, 1962.

Certiorari Denied June 18, 1962.

See 82 S.Ct. 1559.

N. George Nasser, Edward L. Hamilton, Terre Haute, Ind., for appellant.

Richard P. Stein, U. S. Atty., Joseph A. Kutch, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Defendant was charged in a two-count indictment with violations of Title 18 U.S.C.A. § 1010.[1]

Following a trial to the court, without the intervention of a jury, defendant was found guilty as charged on each count of the indictment. Judgment of conviction was entered thereon, and it was adjudged that defendant pay a fine in the sum of $1,000 on each count, together with the costs of the action. No sentence of imprisonment was imposed. This appeal followed.

The trial court denied defendant's motions to dismiss the indictment, for disclosure of evidence before the grand jury, for acquittal at the close of the Government's case and at the close of defendant's case and overruled defendant's objections to the admission of oral testimony relating to certain Government exhibits.

The errors relied on for reversal arise out of such adverse rulings.

Count I of the indictment charges:

"That on or about March 26, 1959 Skander Nasser, Jr., at Universal, State of Indiana, in the Terre Haute Division of the Southern District of Indiana, for the purpose of obtaining a home improvement loan for George K. Domieka on premises located in Universal, Indiana, from the Citizens Investment Company, Terre Haute, Indiana, and with the intent that said loan be offered to and accepted by the Federal Housing Administration for insurance, did unlawfully, knowingly and wilfully cause the said George K. Domieka to make a false statement, to wit: statement captioned 'Credit Application for Property Improvement Loan' dated March 26, 1959, in the amount of $3,500.00 to the Citizens Investment Company, Terre Haute, Indiana, which statement was false in that it showed that the loan proceeds would be used as 'siding, electric pump, room on house and bathroom,' whereas the said Skander Nasser, Jr. then and there well knew that said statement was false in that George K. Domieka had no intention of using the said loan proceeds solely for 'siding, electric pump, room on house and bathroom,' as aforesaid on the said premises."

Count II is in substance to the same effect setting out another such occurrence with different parties. Our determination of the sufficiency of Count I applies equally to Count II.

■ The charge that defendant "did unlawfully, knowingly and wilfully cause the said George K. Domieka to make a false statement" is sufficient to properly charge defendant as a principal under Title 18 U.S.C.A. § 2.[2] United States v.

1. "§ 1010. Federal Housing Administration transactions
  "Whoever, for the purpose of obtaining any loan * * * from any person, * * * with the intent that such loan * * * shall be offered to or accepted by the Federal Housing Administration for insurance, * * * or for the purpose of influencing in any way the action of such Administration, makes, * * * any statement, knowing the same to be false, * * * shall be fined not more than $5,000 or imprisoned not more than two years, or both."

2. "§ 2. Principals
  "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
  "(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense

Inciso, 7 Cir., 292 F.2d 374, 375, 378 (1961).

■ The charge in Count I further recites that "whereas the said [defendant] then and there well knew that said statement was false in that George K. Domieka had no intention of using the said loan proceeds *solely* for 'siding, electric pump, room on house and bathroom,' as aforesaid on the said premises." (Emphasis added.) Defendant contends that the Government, by use of the word *solely*, "in effect created a new federal statutory offense" not within the purview of 18 U.S.C.A. § 1010. There is no merit in this argument.

A careful reading of the indictment demonstrates that the use of the word *solely* is to give emphasis to the falsity of the statements the defendant is charged with having caused to be made. The statements were false in that the proceeds of the loan were not to be used solely for the purposes set forth. The material part of the offense was the act of causing false statements to be made.

The indictment is "a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7, Federal Rules of Criminal Procedure, Title 18 U.S.C.A. It contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet and is adequate, should other similar proceedings be brought against him, to enable him to frame a plea of former jeopardy. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed.

92 (1953). It fully meets the standards of sufficiency laid down by the courts in a long line of decisions. See United States v. Inciso, supra, 292 F.2d at 378, and cases cited therein. We hold that the trial court did not err in denying defendant's motion to dismiss the indictment.

For the same reasons, we reject defendant's contention that his conviction on the indictment as drawn was a denial of due process under the Fifth Amendment. His reliance on United States v. Amadio, 348 U.S. 892, 75 S.Ct. 218, 99 L. Ed. 701 (1954), reversing per curiam, 7 Cir., 215 F.2d 605 (1954), and other cases cited is misplaced.

■ Defendant argues that the trial court should have disclosed to him the record and transcript of the evidence presented to the grand jury upon which the indictment was founded. The tenor of defendant's motion for disclosure is that he did not know what transpired in the grand jury proceedings. He makes no showing of irregularity or of any particularized need. He has in no way discharged his burden to make a positive and strong showing of compelling necessity which would outweigh the traditional policy of secrecy surrounding grand jury proceedings. Pittsburgh Plate Glass Co. v. U. S., 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

Any disclosure of grand jury minutes in a criminal proceeding is covered by Rule 6(e), F.R.Cr.P., 18 U.S.C.A.[3] Un-

against the United States, is punishable as a principal. As amended Oct. 31, 1951, c. 655, § 17b, 65 Stat. 717."

3. "Rule 6. The Grand Jury. * * * "(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a ju-

dicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons."

der this rule disclosure is committed to the discretion of the trial judge. The Supreme Court has said that cases where grand jury minutes are used "to impeach a witness, to refresh his recollection, to test his credibility and the like" are characteristic of instances of "particularized need where the secrecy of the proceedings is lifted discretely and limitedly." Pittsburgh Plate Glass Co. v. U. S., supra, 360 U.S. at 399, 79 S.Ct. at 1240, citing United States v. Procter & Gamble, supra, 356 U.S. at 683, 78 S.Ct. 983.

We hold that defendant has not met the standards imposed by these decisions and that the trial court did not abuse its discretion in denying disclosure of the grand jury proceedings to defendant.

■ Defendant contends that the trial court erred in admitting oral testimony relating to Government's Exhibits 3, 7 and 9 on the grounds that such testimony varied the terms of a written instrument. Exhibit 3 is a contract between the home owner named in Count I and defendant; Exhibit 7 is a credit application; and Exhibit 9 is a contract between the borrower named in Count II and defendant's company. The purport of the exhibits and related testimony was to prove the element of defendant's criminal intent. We have examined this testimony and the exhibits. We are satisfied that such testimony was germane to the issue of intent and is not subject to the vice asserted by defendant. We find no error in admitting such testimony.

Defendant argues at great length that the evidence does not show that defendant violated the statute in question, that his conviction is not supported by substantial evidence and that the trial court was not persuaded of defendant's guilt beyond a reasonable doubt.

■ We have carefully considered the record in this case and the colloquy between the trial court and counsel at the conclusion of the trial. We find that the record conclusively establishes defendant's guilt beyond a reasonable doubt. The remarks of the trial court that defendant points to are merely those of a sympathetic judge who exhibited an understanding of defendant's personal feelings in such a situation. The fact that the court was lenient with defendant in not imposing a prison sentence should not be taken to mean there was any reasonable doubt in the court's mind of defendant's guilt. We find no error in the denial of defendant's motions for acquittal.

We have considered other contentions of defendant. It is our considered judgment that he received a fair trial at the hands of an experienced and able trial judge. We find no prejudicial error in the record.

The judgment of conviction appealed from is affirmed.

Affirmed.