**James Norman YELOUSHAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19594.**

United States Court of Appeals Fifth Circuit.

Feb. 6, 1963.

James B. McDonough, Jr., Tampa, Fla., for appellant.

Thomas J. Hanlon, III, Asst. U. S. Atty., Arnold D. Levine, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

**304**

CARSWELL, District Judge.

Appellant and Gene N. Estes were named as co-defendants in an indictment returned by a Grand Jury in Tampa, Florida, and charged with violation of Title 18 United States Code, §§ 2 and 1010, by uttering and publishing false statements in a credit application signed by Estes and his wife in connection with a home improvement loan insured by the Federal Housing Administration.

Estes was arrested in Midland, Texas. He waived his right to trial in the district where the indictment was returned and consented to disposition of the case against him in the district where he was arrested under the provisions of Rule 20, Federal Rules of Criminal Procedure. The United States Attorney for the Southern District of Florida and the United States Attorney for the Western District of Texas approved the transfer. Estes was arraigned, entered a plea of guilty and was sentenced, on February 16, 1962 at El Paso, Texas.

Appellant was arraigned on January 5, 1962 at Tampa, Florida, and he entered a plea of not guilty.

At the time of arraignment appellant asked for and was granted thirty days in which to file motions. He moved separately for a bill of particulars, for the production of documents, to inspect the minutes of the Grand Jury and to require the United States Attorney for the Southern District of Florida to withdraw his consent to the Rule 20 transfer of the proceedings against Estes. These motions were denied by a single order dated February 27, 1962. He moved to dismiss the indictment, and this motion was denied by an order dated February 28, 1962. A further motion to dismiss the indictment, or in the alternative to order the arrest of Estes, was denied by order dated March 28, 1962.

The order of February 27, 1962 forms the basis of the first appeal; the order of February 28, 1962, the second appeal; and the order of March 28, 1962, the

third. These three appeals were consolidated by order of this Court on May 15, 1962.

The jurisdiction of this Court is limited by Title 28 United States Code, § 1291, to review of *"final decisions"* of the lower court. The reason for this insistence on finality and the prohibition of piecemeal review is to discourage undue litigation and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases.[1]

What constitutes a final decision in a criminal case has been stated in Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), and Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957). In Parr the Supreme Court said 351 U.S. at page 518, 76 S.Ct. at page 916, 100 L.Ed. 1377:

"* * * In general, a 'judgment' or 'decision' is final for the purpose of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.' "

"* * * 'Final judgment in a criminal case means sentence. The sentence is the judgment.' * * *"

The requirement of finality of decisions for appellate jurisdiction was recently underscored by the Supreme Court in DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). Certiorari was granted to review DiBella v. United States, 284 F.2d 897 (CA 2d, 1960), along with United States v. Koenig, 290 F.2d 166 (CA 5th, 1961), to resolve a conflict between the circuits.

In DiBella the trial court had denied a pre-indictment motion to suppress evidence. The Court of Appeals for the Second Circuit held this order appealable. In Koenig there was a pre-indictment motion to suppress evidence. This motion was granted and the Government

1. Cobbledick v. United States, 309 U.S. 323, 324–326, 60 S.Ct. 540, 84 L.Ed. 783.

DiBella v. United States, 369 U.S. 121, 124, 82 S.Ct. 654, 7 L.Ed.2d 614.

appealed. This court dismissed the appeal for lack of jurisdiction on the ground that the order was not a final judgment. The final decision of the Supreme Court vacated the DiBella decision of the Second Circuit and affirmed the Koenig decision of this court. The Supreme Court stated 369 U.S. at page 131, 82 S.Ct. at page 660, 7 L.Ed.2d 614:

> "We hold, accordingly, that the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability. * * * Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. (They are) * * * 'but a step in the criminal case preliminary to the trial thereof.' Cogen v. United States, 278 U.S. 221, 227 [49 S.Ct. 118, 73 L.Ed. 275]."

Appellant contends, nevertheless, that this Court has jurisdiction to review all of the orders appealed from even though they are interlocutory because the effect of the order of March 28, 1962, constituted a final decision.

■ This order denied appellant's motion to rearrest Estes or, in the alternative, to dismiss the indictment. Appellant claims that the attribute of finality is derived from the operation of the order dismissing the indictment and terminating the proceedings as to his co-defendant Estes.

It is clear, however, from the record that the proceedings against Estes were terminated by the District Court for the Western District of Texas when sentence was imposed on February 16, 1962. Therefore, when the matter was brought before the district court in Florida upon motion on March 27, 1962, the question was moot and the court was not in error in treating the motion as an additional ground to dismiss the indictment yet pending against appellant. There was no indictment pending against Estes in any United States District Court and there simply was nothing upon which a warrant of arrest of Estes could be predicated. The order of March 28, 1962 was clearly interlocutory and not appealable.

■■ Appellant then seeks to invoke appellate jurisdiction upon exception to the final judgment rule. In the event the damage of error, unreviewed before the judgment is definitive and complete, is deemed greater than the disruption caused by immediate appeal, then an appeal will lie even though the proceeding and order are clearly interlocutory in nature. This is a very narrow exception. As stated by Justice Frankfurter in DiBella 369 U.S. at page 126, 82 S.Ct. at pages 657, 658, 7 L.Ed.2d 614:

> "Despite these statutory exceptions to, and judicial construction of, the requirement of finality, 'the final judgment rule is the dominant rule in federal appellate practice.' * * Every statutory exception is addressed either in terms or by necessary operation solely to civil actions. Moreover, the delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of criminal law."

Appellant has not demonstrated on this record even a plausible suggestion that this case falls within any of the extremely narrow exceptions to the final judgment rule.[2]

Appellant's only ground for his claim of clear error appears to be that Estes might testify at appellant's forthcoming trial and that such prospective testimony might be cloaked with some kind of immunity since Estes has already been sentenced. This has no merit. This is, in essence, nothing more than an attack on the credibility of a prospective witness, and the weight and sufficiency of his prospective testimony, both of which, if ever occurring, are most exclusively and

2. DiBella v. United States, 369 U.S. 121, 124–127, 82 S.Ct. 654, 7 L.Ed.2d 614 and Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616.

absolutely staked out for jurors. In the development of any testimony the function of the trial court is to apply the traditional standards of admissibility of evidence, right of cross-examination, impeachment, etc. These familiar rules are adequate safeguards to protect appellant from prejudiced or biased testimony of any witness as the facts may be developed. We neither anticipate prejudice nor do we reject the possibility of its occurrence. Such is not our function. Without belaboring these hypotheticals further we comment in this connection merely to illustrate again the wisdom of restriction on premature appeals in criminal cases.

Finally, appellant complains that the transfer of the proceedings as to Estes to the Western District of Texas was not a proper application of Rule 20 (F.R. Crim.P.), because appellant, as a co-defendant, did not consent to the transfer. Rule 20 does not expressly require the consent of co-defendants in order to effectuate a transfer. The authority cited by appellant for the proposition that the rule is not applicable in any multi-defendant case [3] has not been followed and has, in fact, aroused criticism and disapproval.[4] We cannot and we do not reach this question on this appeal for we hold that the showing here does not vest appellate jurisdiction in this Court.

Summarizing, it is plain that the order of February 28, 1962 denying appellant's motion relative to the Rule 20 transfer was not a final order, but interlocutory and therefore not appealable. Further, appellant has not demonstrated that the transfer of the proceedings against Estes brings this case within the exception, previously noted, to the final decision rule. The appeal is accordingly

Dismissed.

3. United States v. Bink, 74 F.Supp. 603 (Dist.Ct., Oregon, 1947); United States v. Schwindt, 74 F.Supp. 618 (Dist.Ct., Oregon, Oct. 15, 1947); United States v. Bishop, 76 F.Supp. 866 (Dist.Ct., Oregon, 1948); United States v. Tollett, 76 F. Supp. 871 (Dist.Ct., Oregon, 1948).

4. Levine v. United States, 182 F.2d 556 (CA 8th, 1950); United States v. Gallagher, 183 F.2d 342 (CA 3rd, 1950); Barron & Holtzoff, Federal Practice and Procedure, Vol. 4, Rules Edition, § 2081, pages 144, 146.