Arnold E. VANDERSEE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14335.

United States Court of Appeals Third Circuit.

Argued May 10, 1963.

Filed July 23, 1963.

58

Robert Kasanof, New York City (Raymond Val Wayne, Jr., New York City, on the brief), for appellant.

Oliver Lofton, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN and FORMAN, Circuit Judges, and COOLAHAN, District Judge.

COOLAHAN, District Judge.

The defendant appeals herein from an order entered January 9, 1963 denying relief pursuant to a motion under 28 U.S.C.A. § 2255.

The appellant, Arnold E. Vandersee, together with Harry B. Simon, Samson Wallach, Sr., and the Vandersee Corporation was indicted in a fifteen count indictment charging violations of 15 U.S.C.A. § 77q(a) (1) and 18 U.S.C.A. §§ 2 and 1341. The defendants, Simon and Wallach, were found not guilty on all counts; while the defendant corporation and the individual Vandersee were convicted of eleven counts. However, the conviction of the corporation was subsequently set aside on December 7, 1961 after consideration of what may be characterized as a habeas corpus petition filed by Arnold E. Vandersee on behalf of himself and the said corporation. The vacating of the sentence imposed on the corporation was based on the premise that since no counsel was ever appointed for or represented said corporation it did not effectively appear at trial and hence the conviction and subsequent sentence were unwarranted. However, the

sentencing Court also expressly ruled that the conviction of Arnold E. Vandersee was neither invalidated nor affected by this decision.

Arnold E. Vandersee has made numerous applications pursuant to § 2255 since his initial conviction and subsequent affirmance on appeal. United States v. Vandersee, 279 F.2d 176 (3rd Cir. 1960) Cert. den. 364 U.S. 943, 81 S.Ct. 463, 5 L.Ed.2d 374 (1961).

The present application under § 2255 is made on behalf of Arnold E. Vandersee by an attorney of the New York Bar. Printed briefs and appendix have been furnished and the appellant was represented by said counsel at oral argument before this Court.

The petition is based upon three separate theories of error committed during the original criminal proceedings in 1959. The Court will deal with them in the order raised and consider each separately inasmuch as they are not interrelated by way of factual contention or legal proposition.

■ The first point raised by the petitioner is that the indictment fails to state an offense against the United States. As stated before, the appellant was charged with violations of the Securities Act (15 U.S.C.A. § 77q(a) (1) and two violations of the Mail Fraud Provisions (18 U.S.C.A. §§ 2, 1341). The appellant states that while the indictment is phrased in terms of the statutes offended the omission of specific factual allegations in regard thereto renders the indictment fatally defective. To support this proposition the case of Russell v. United States, 369 U.S. 749, 82 S. Ct. 1038, 8 L.Ed.2d 240 (1962) is cited and relied upon by way of analogy. The facts of the instant action fall far short of the situation discussed in the Russell case. That decision dealing with a Congressional contempt problem lends little aid to the appellant's argument in this cause.

■ The appellant contends that the indictment nowhere indicates with particularity how the pieces of mail in question furthered the fraudulent scheme described in the lengthy factual allegations of Count 1 which are reiterated in the subsequent Counts. Reading of the indictment under consideration herein evidences the great amount of factual information contained in its body. Furthermore it is admittedly worded in terms of the statute claimed to have been violated. The appellant was clearly put on notice as to what the Government expected to prove since the wording of the indictment itself is in language which unmistakably apprised the defendant of the offense for which he was to be tried. The test of the sufficiency of an indictment is whether the said paper adequately informs the defendant of his alleged offense so as to provide him with due notice and so as to allow him to plead double jeopardy if a later trial were to be attempted for the same offense. See United ed States v. Debrow, 346 U.S. 374, 74 S. Ct. 113, 98 L.Ed. 92 (1953) and Kreuter v. United States, 218 F.2d 532 (5th Cir. 1955) Cert. den. 349 U.S. 932, 75 S.Ct. 777, 99 L.Ed. 1262 (1955). These criteria were undoubtedly satisfied. As indicated by the opinion of Judge Meaney in denying the appellant's motion below, "The pertinent language of the statute is used throughout in the framing of the indictment and beyond peradventure made clear the full nature of the offense as charged."

In addition to the above it must be noted that the indictment has never been challenged previously to the instant application although the appellant was represented by counsel at all stages of the proceedings in 1959. None of the judicial authority which reviewed the petitioner's case found said indictment to be wanting in any legal particular. There is authority to the effect that objections to the mere form of the various elements of the claim as stated in the indictment are waived if not taken until after a verdict. See Dunbar v. United States, 156 U.S. 185, 191, 15 S.Ct. 325, 39 L.Ed. 390 (1895) and Castano v. United States, 313 F.2d 857 (7th Cir. 1963) (permitting no collateral attack upon form of indict-

**60**

ment absent a showing of any exceptional circumstances).

■ The appellant's second contention is that it was error for the District Court to deny to the appellant a hearing on the question of whether he was denied the effective assistance of counsel. It is the appellant's contention that since the corporation bearing his name was a co-defendant in the jury trial resulting in his convictions and was unrepresented by any independent counsel, that the efforts of the appellant's counsel were consequently hampered and diluted to the extent that his position was prejudiced and he could not receive the full benefit of his attorney's efforts. His trial counsel has never made such an assertion at any time.

This Court is called upon to decide whether or not a hearing in regard to this contention is mandatory under the application made pursuant to § 2255. The pertinent section of § 2255 provides: " * * * [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The Court below was in possession of the full files and record of the case, including an extensive transcript thereof. In addition Judge Meaney, the sentencing Judge, was the jurist who conducted the trial referred to as well and who had a "definite recollection of the conduct of the trial." Therefore, after review of the various records including the transcript, the Court quite properly concluded that there was no basis for granting the relief requested on the claims set forth by the petitioner.

The defendant attempts to rely on Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). However, in that matter it was the petitioner's contention that he had entered a plea as a result of promises made outside the presence of the Court by an Assistant United States Attorney. The Supreme Court held that the District Judge could not properly make findings on controverted issues of fact without notice to petitioner and without a hearing since the matters raised were of necessity outside the "record and file" of the action. Likewise in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 the Supreme Court in laying down guide lines to aid the Judiciary in reviewing successive § 2255 applications points out that where an application is predicated on facts outside the record then a hearing is necessary although the petitioner's presence is not to be required as a matter of course in every case. That case continued to state that: "the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing." It must be noted that in this case the petitioner is represented by an attorney who is capable of cogently setting forth the reasons dictating why a hearing is required in the instant action. There has been no showing in this phase of the § 2255 application that the petitioner is entitled to a hearing or that he is in possession of facts necessitating more than careful perusal of the transcript of the proceedings.

In Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) the defendant's counsel was assigned the task of defending a co-defendant with interests apparently adverse to that of the original client. Such dilution of the right to counsel was held to impinge the constitutional safeguards afforded by the Sixth Amendment and hence reversal was had as to the original defendant, Glasser. In this case the corporation was never represented by counsel nor is there any showing that counsel had assumed such representation or manifested a desire to protect the corporate body at the sacrifice of his client's interest.

The nature of the two defendants, i. e. individual and corporation controlled

by that individual, indicate that the Glasser rationale is entirely inapposite to the case at Bar. Glasser objected to his counsel acting for a co-defendant while here no mention of counsel for the corporation was ever raised.

■ The third and last ground urged by the appellant is the claim that the offenses charged are conspiratorial in nature and hence since Wallach and Simon were acquitted and the corporation's conviction vacated, therefore, the sole remaining defendant, Arnold E. Vandersee, must also be acquitted.

It must be pointed out that unlike Van Riper v. United States, 13 F.2d 961 (2nd Cir. 1926), cited by the appellant, there was no conspiracy count charged in the indictment in question. All the defendants were individually charged with the offenses and these offenses are of such nature that they may be committed either jointly or separately. The indictment could have stood alone against Arnold E. Vandersee and been the subject of a separate trial. The fact that the defendants were tried together for purposes of expediency and convenience does not automatically transform the action into a conspiracy prosecution.

While citing authority for the proposition that the case is "conspiratorial in nature" there is an absence of a showing that the defendant was subjected to unfair treatment at the trial of the matter itself because of this. Such contentions were never raised on appeal nor are they specifically enumerated herein other than by alluding to the conclusory idea that since no other defendants have been convicted hence Arnold E. Vandersee must now be acquitted as well. There is no legal authority or logical basis for such a statement. The appellant was convicted of substantive offenses which are not conspiracy charges.

This Court is of the opinion that the appellant's contentions in this matter are without merit, as stated above.

The judgment of the District Court is hereby affirmed.