**James Norman YELOUSHAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20886.**

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1964.

Rehearing Denied Feb. 4, 1965.

James B. McDonough, Jr., Tampa, Fla., for appellant.

534

Edward F. Boardman, U. S. Atty., Joe H. Mount, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge:

Appellant and Gene N. Estes were jointly indicted in one count in the Southern District of Florida and charged with violations of Title 18 U.S.C.A. §§ 2 and 1010.[1]

Estes was arrested in the Western District of Texas. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Estes consented in writing to a transfer of his case to that district for plea and sentence. The United States Attorneys for the Southern District of Florida and the Western District of Texas approved the transfer. Estes was arraigned, entered a plea of guilty and was sentenced on February 16, 1962 in the Western District of Texas.

Appellant was arraigned in the Southern District of Florida and entered a plea of not guilty, and subsequently filed various motions challenging the validity of Rule 20 as applied in a multiple defendant case where one of two jointly indicted defendants sought to plead guilty in a transferee court over the objection of the other defendant. These motions were denied. An appeal was taken to this court, and was dismissed as premature. We did not categorically pass on the merits of the motions. Yeloushan v. United States, 5 Cir., 313 F.2d 303.

Yeloushan was brought to trial on June 17, 1963. The jury returned a verdict of guilty, upon which the court below entered a judgment of conviction, fined him $500 and placed him on probation for two years.

The questions presented on this appeal relate to:

1. The sufficiency of the indictment
2. The sufficiency of the evidence to support the verdict of the jury
3. The validity of Rule 20 as applied in a multiple defendant case

The first contention is that the indictment fails to state an offense against the United States and is defective because it fails to specify whether Yeloushan was charged under Paragraph (a) or (b) of Section 2.

█ A reading of the indictment reveals that it presents a "plain, concise and definite written statement of the essential facts constituting the offense charged" within the meaning of Rule 7 (c) of the Federal Rules of Criminal Procedure. It tracks the pertinent language of the statute and apprises defendant of what he must be prepared to meet. It is adequate to enable him to frame a plea of former jeopardy, should other similar charges be brought against him. The indictment fully meets the standards of sufficiency laid down by the courts in a long line of decisions. United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Vandersee v. United States, 321 F.2d 57 (3rd Cir. 1963); United States v. Nasser, 301 F.2d 243 (7th Cir. 1962); Kreuter v. United States, 218 F. 2d 532 (5th Cir. 1955).

█ There is no merit in defendant's argument that the indictment must spec-

[1] "§ 1010. Federal Housing Administration Transactions

"Whoever, for the purpose of obtaining any loan * * * from any person, * * * with the intent that such loan * * * shall be offered to or accepted by the Federal Housing Administration for insurance, * * * or for the purpose of influencing in any way the action of such Administration, makes, * * * any statement, knowing the same to be false, * * * shall be fined not more than $5,000 or imprisoned not more than two years, or both."

"§ 2. Principals

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal. As amended Oct. 31, 1951, c. 655, § 17b, 65 Stat. 717."

ify whether he was charged under Paragraph (a) or Paragraph (b) of Section 2. At no time was defendant misled. He was categorically informed by a Bill of Particulars that he was being charged as a defendant and principal under Paragraphs (a) and (b),

"in that he aided, abetted, counseled and induced the utterance and publication of the false statement and did cause the utterance and publication of the described false statement."

The law does not require that one be charged as an aider or abettor to be tried as such. United States v. Washington, 287 F.2d 819 (7th Cir. 1961), cert. denied 366 U.S. 969, 81 S.Ct. 1933, 6 L.Ed.2d 1259; Swanne Soon Young Pang v. United States, 209 F.2d 245 (9th Cir. 1953).

█ We have carefully considered defendant's assertion that the evidence is insufficient to sustain the conviction. All agree that Estes and his wife made the false written statement that they owned a specific piece of property and that they wanted to borrow money to make specific improvements on that property. The truth is, they did not own the property; Yeloushan owned it. Basil W. Tyner testified that he was Manager of the Home Improvements Department of the savings and loan association and that Yeloushan called him in early April to encourage him to make an improvement loan to Estes on this specific property. Later in the month the Estes application was received by the savings and loan association. Estes testified in no uncertain terms that Yeloushan was the one who suggested the whole scheme, that Estes was leery about the deal, but that Yeloushan told him not to worry about

an inspector, and that what he was doing was just a run-of-the-mill thing. The record is more than ample to support the verdict of the jury.

Defendant's final argument is a repetition of the Rule 20 contention considered but not reached by this court on the first appeal (313 F.2d 303).

The gist of the argument is that Yeloushan had a procedural and constitutional right to require that all proceedings against him be taken in the court of his indictment, and that when the transferee court accepted the plea of Estes it arrogated to itself the jurisdiction to and did effect a severance as to Yeloushan. Counsel insists that the transferee court had no power to do this in the absence of either Yeloushan's consent or a prior order of severance by the court of his indictment. Appellant relies heavily on United States v. Bink, 1947, 74 F. Supp. 603; and United States v. Bishop, 1948, 76 F.Supp. 866. In Bink, the District Court of Oregon held Rule 20 to be unconstitutional and in Bishop the same court held that Rule 20 "certainly does not apply to a case where an indictment joins multiple defendants." The Bink case has been repeatedly disapproved and the constitutionality of Rule 20 has been upheld by the Tenth Circuit in Hilderbrand v. United States, 304 F.2d 716; by the Sixth Circuit in Earnest v. United States, 198 F.2d 561; by the Third Circuit in United States v. Gallagher, 183 F.2d 342, cert. denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; and by the Eighth Circuit in Levine v. United States, 182 F.2d 556, cert. denied 340 U. S. 921, 71 S.Ct. 352, 95 L.Ed. 665. In each case the court held that the constitutional provisions [2] as to place of trial

2. Article III, Section 2, clause 3 of the Constitution:

"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

The Sixth Amendment:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have

relate to venue and may be waived. The Bishop case, decided in 1948, did hold that Rule 20 was inapplicable to multiple defendants. However, this authority has not been followed and has aroused criticism and disapproval.[3] We think it pertinent that the late Judge Alger Fee, who was the organ of the District Court in Bishop, had apparently changed his mind ten years later when as judge of the 9th Circuit he wrote the opinion in Lile v. United States, 264 F.2d 278. There, three persons were jointly indicted in Alaska. One defendant entered a plea of guilty in California pursuant to Rule 20. Two others went to trial, were convicted in Alaska, and appealed to the 9th Circuit. The judgment of conviction was affirmed. The reported decision does not reveal that the constitutionality or the applicability of Rule 20 was raised. However, the reported decisions in Bishop and Bink certainly reveal that if any judge in the United States was familiar with and critical of Rule 20, then that judge was the late Judge Fee. Surely, if Judge Fee had not changed his mind in 1958 he would have taken notice of this defect and set aside the conviction.

■ Rule 20 is one of the most useful of the rules. It permits defendants indicted or informed against in one district but arrested in another to plead guilty or nole contendere and be sentenced in the district of arrest if both United States Attorneys consent. Nowhere in the Rule itself or in the notes of the Advisory Committee does there appear any contemplation that it is not applicable in multiple defendant cases. We hold the Rule is clear and precise and cannot and should not be narrowed by reading into it a prohibition against its application in multiple defendant cases.

■■ We find no constitutional prohibition against the application of Rule 20[4] in a multiple defendant case. Under our system of federal criminal justice the Constitution assures every defendant the right to a trial by jury of the state and in the district where the alleged crime was committed. This right can be waived. Estes waived it and afforded himself of the privilege given him to plead guilty in Texas. Under these circumstances there can be no question but that the Texas district court had both jurisdiction and venue to accept the plea.[5] There is no constitutional requirement that all parties defendant in a multiple indictment be tried in the same district. Rule 21 of the Federal Rules of Criminal Procedure has been interpreted to permit a severance so that an indictment may be transferred as to one defendant and not as to others. It is true that the transfer can be made only as to those defendants who request the transfer but

compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

3. Yeloushan v. United States, 5 Cir., 313 F.2d 303.

4. "Rule 20. Transfer from the District for Plea and Sentence

"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

5. Section 3231 of Title 18 U.S.C.A. confers general jurisdiction upon all the district courts of all offenses against the United States. United States v. Gallagher, supra.

it may be granted over the opposition of co-defendants. United States v. Erie Basin Metal Products Company, Inc., et al., D.C., 79 F.Supp. 880. The same principles are applicable to Rule 20.

Appellant had a fair trial upon an indictment that fairly apprised him of the charge against him. The evidence fully warranted the verdict of guilty. Rule 20 as applied is free of procedural and constitutional difficulty.

The judgment of conviction is affirmed.